IN RE INTEREST OF JEDIDIAH P., A CHILD UNDER 18 YEARS OF AGE. STATE OF NEBRASKA, APPELLEE, V. JEDIDIAH P., APPELLANT.

673 N.W.2d 553

Filed January 23, 2004.   No. S-02-695.

Dennis R. Keefe, Lancaster County Public Defender, and Margene M. Timm for appellant.

Gary E. Lacey, Lancaster County Attorney, Thomas W. Fox, and Brandy L. Elliss, Senior Certified Law Student, for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

WRIGHT, J.

## NATURE OF CASE

We granted a petition for further review filed by Jedidiah P. to consider whether the Lancaster County Separate Juvenile Court had jurisdiction to enter a dispositional order despite the pendency of an appeal from an adjudication order. The Nebraska Court of Appeals concluded that the separate juvenile court had jurisdiction and that the adjudication order was supported by sufficient evidence. See *In re Interest of Jedidiah P.*, Nos. A-02-429, A-02-695, 2003 WL 21647681 (Neb. App. July 15, 2003) (not designated for permanent publication).

## SCOPE OF REVIEW

When a jurisdictional question does not involve a factual dispute, its determination is a matter of law, which requires an appellate court to reach a conclusion independent of the decisions made by the lower courts. *Ponseigo v. Mary W., ante* p. 72, 672 N.W.2d 36 (2003).

## BACKGROUND

In *In re Interest of Jedidiah P.*, the Court of Appeals addressed two appeals filed by Jedidiah. The first appeal sought review of an adjudication order entered by the separate juvenile court under Neb. Rev. Stat. § 43-247(1) (Cum. Supp. 2002). The second appeal challenged the separate juvenile court's jurisdiction

to enter a dispositional order placing Jedidiah in the temporary legal custody of the Department of Health and Human Services, Office of Juvenile Services (OJS), while the appeal from the adjudication order was still pending. Jedidiah filed a petition for further review with respect to the second appeal only, and that appeal is the subject of this opinion.

On April 11, 2002, the separate juvenile court adjudicated Jedidiah to be a child meeting the definition of § 43-247(1) because he had allegedly received stolen property, a vehicle. Disposition was continued to May 29, and Jedidiah was conditionally released to his parents. Jedidiah filed an appeal from the adjudication order on April 16.

On May 23, 2002, the separate juvenile court entered an order which found that the appropriate level of care and custody for Jedidiah was a residential treatment center. OJS was willing to immediately arrange for such a placement, and the court found that it was in Jedidiah's best interests for his custody to be placed with OJS for a residential treatment center placement. Temporary legal custody was then placed with OJS.

The issue before the Court of Appeals was whether the separate juvenile court had jurisdiction to enter the May 23, 2002, order while Jedidiah's appeal from the adjudication order was still pending. The Court of Appeals concluded that the May 23 order of the separate juvenile court was authorized by Neb. Rev. Stat. § 43-295 (Reissue 1998) because the order changed the custody or care of Jedidiah after it was shown that the change was in his best interests. The Court of Appeals held that the separate juvenile court had jurisdiction to enter the May 23 order and that the separate juvenile court did not exceed its limited authority to enter orders pending an appeal.

## ASSIGNMENTS OF ERROR

In his petition for further review, Jedidiah assigns as error (1) the Court of Appeals' finding that the separate juvenile court had jurisdiction under § 43-295 to enter a dispositional order while an appeal from the adjudication order was pending and (2) the Court of Appeals' finding that § 43-295 grants continuing jurisdiction to proceed with disposition while an appeal from an adjudication order is pending.

## ANALYSIS

Jedidiah argues that the Court of Appeals erred in interpreting § 43-295 to permit a separate juvenile court to proceed with disposition while an appeal from an adjudication order is pending. He claims that the May 23, 2002, order was a dispositional order, despite attempts by the separate juvenile court and the Court of Appeals to characterize it as merely changing custody or placement. Jedidiah asserts that the order was made pursuant to Neb. Rev. Stat. §§ 43-286(1) and 43-408(2) (Cum. Supp. 2002) and that if he did not comply with his commitment to a residential treatment center, he could be transferred to a more restrictive placement.

Thus, we must determine whether the separate juvenile court had jurisdiction to enter its order of May 23, 2002. Section 43-295 states:

> Except when the juvenile has been legally adopted, the jurisdiction of the court shall continue over any juvenile brought before the court or committed under the Nebraska Juvenile Code and the court shall have power to order a change in the custody or care of any such juvenile if at any time it is made to appear to the court that it would be for the best interests of the juvenile to make such change.

We note that there is no statutory provision defining the extent of a separate juvenile court's jurisdiction while appeals are pending from its final orders. See *In re Interest of Joshua M. et al.*, 4 Neb. App. 659, 548 N.W.2d 348 (1996), *reversed in part on other grounds* 251 Neb. 614, 558 N.W.2d 548 (1997). However, Neb. Rev. Stat. § 43-2,106 (Reissue 1998) provides:

> When a juvenile court proceeding has been instituted before a *county court sitting as a juvenile court*, the original jurisdiction of the county court shall continue until the final disposition thereof and no appeal shall stay the enforcement of any order entered in the county court. After appeal has been filed, the appellate court, upon application and hearing, may stay any order, judgment, or decree on appeal if suitable arrangement is made for the care and custody of the juvenile. The county court shall continue to exercise supervision over the juvenile until a hearing is had in the appellate court and the appellate court enters an order

making other disposition. If the appellate court adjudges the juvenile to be a juvenile meeting the criteria established in subdivision (1), (2), (3), or (4) of section 43-247, the appellate court shall affirm the disposition made by the. county court unless it is shown by clear and convincing evidence that the disposition of the county court is not in the best interest of such juvenile. Upon determination of the appeal, the appellate court shall remand the case to the county court for further proceedings consistent with the determination of the appellate court.

(Emphasis supplied.)

In the present case, the separate juvenile court adjudicated Jedidiah to be a child meeting the definition of § 43-247(1) and continued disposition until a report could be prepared by the juvenile probation office. Jedidiah appealed the adjudication, and after the notice of appeal was filed, the separate juvenile court conducted what it described as a "dispositional hearing" on May 21, 2002.

At the hearing, Jedidiah asked that he be returned to his parents' home "on home detention with a monitor" until an opening was available at the Lincoln Regional Center. The separate juvenile court noted that Jedidiah might be required to wait 2 to 4 weeks for placement at the Lincoln Regional Center, but could be placed immediately at a facility in Omaha. The court also observed that if Jedidiah chose to wait for an opening at the Lincoln Regional Center and he was not released to his parents, he would be required to stay at a juvenile detention center, where he had already been detained for 3 months.

Jedidiah's counsel raised the question of whether the separate juvenile court could proceed with disposition, since the appeal of the adjudication was pending. The court concluded that it had jurisdiction to make orders relating to custody and placement. The court then placed temporary legal custody of Jedidiah with OJS for placement at a residential treatment center because the court found such placement to be in Jedidiah's best interests.

■ When a jurisdictional question does not involve a factual dispute, its determination is a matter of law, which requires an appellate court to reach a conclusion independent of the decisions made by the lower courts. *Ponseigo v. Mary W., ante* p. 72,

672 N.W.2d 36 (2003). In this case, the order changing the custody of Jedidiah was entered by a separate juvenile court. State law provides that in counties where there is no separate juvenile court, pursuant to § 43-2,106, the county court sitting as a juvenile court shall continue to exercise supervision of the juvenile until a hearing is had in the appellate court and the appellate court enters an order making other disposition. Although similar language is absent from Neb. Rev. Stat. § 43-2,106.01 (Reissue 1998), which addresses appeals from separate juvenile courts, we can discern no reason for a juvenile court not to retain such authority, regardless of whether it is a county court sitting as a juvenile court or a separate juvenile court. The courts serve the same function. Therefore, we hold that a separate juvenile court continues to exercise supervision of the juvenile during an appeal until the appellate court enters an order making other disposition. Pursuant to § 43-295, a separate juvenile court retains jurisdiction to order a temporary change in custody if it is in the child's best interests.

We have held that once an appeal is perfected to an appellate court, the trial court is divested of jurisdiction to hear a case involving the same matter between the same parties. *In re Interest of Tabatha R.*, 255 Neb. 818, 587 N.W.2d 109 (1998); *In re Interest of Joshua M. et al.*, 251 Neb. 614, 558 N.W.2d 548 (1997). However, this does not mean that a separate juvenile court cannot continue to exercise jurisdiction or supervision of a juvenile pending final determination of an appeal from an adjudication. The question is the level of supervision the separate juvenile court may properly exercise during the pendency of the appeal. We believe this question is answered by the language of §§ 43-295 and 43-2,106. As noted earlier, these statutes provide that the jurisdiction of a juvenile court continues over the juvenile, and the court shall have power to order a change in the juvenile's custody if it is in his or her best interests, see § 43-295. Section 43-2,106 provides that the court shall continue to exercise supervision over the juvenile.

The exercise of this jurisdiction is not without limits. The extent of the court's jurisdiction must be determined by the facts of each case. The continuing jurisdiction of a juvenile court pending an appeal does not include the power to terminate a juvenile's

relationship with his or her parents. See *In re Interest of Joshua M. et al.*, 4 Neb. App. 659, 548 N.W.2d 348 (1996), *reversed in part on other grounds* 251 Neb. 614, 558 N.W.2d 548 (1997). Similarly, pending an appeal from an adjudication, the juvenile court does not have the power to enter a permanent dispositional order. See *In re Interest of Andrew H. et al.*, 5 Neb. App. 716, 564 N.W.2d 611 (1997) (dispositional order entered while appeal regarding juvenile adjudication was pending, in which county court adopted case plan, denied parents' application for immediate return of children, and ordered continued custody of children with Department of Social Services, went beyond exercise of supervision permitted by county court). Any order regarding the disposition of a juvenile pending the resolution of an appeal of the adjudication can only be made on a temporary basis upon a finding by the court that such disposition would be in the best interests of the juvenile. See § 43-295. In addition, § 43-2,106 provides that "the appellate court, upon application and hearing, may stay any order . . . on appeal if suitable arrangement is made for the care and custody of the juvenile."

At the time of the dispositional hearing, Jedidiah had been residing at a juvenile detention center for approximately 3 months. It was then determined that the appropriate level of care for Jedidiah was a residential treatment center, and all involved generally agreed that it was not in Jedidiah's best interests to remain at the juvenile detention center. There was a waiting period of 2 to 4 weeks for placement at the Lincoln Regional Center, and the guardian ad litem opposed returning Jedidiah to his parents' home. Thus, the separate juvenile court concluded that Jedidiah's best interests required that his custody be transferred to OJS for placement in a residential treatment center.

The separate juvenile court's May 23, 2002, order changed Jedidiah's placement from a juvenile detention center to a residential treatment center and granted temporary legal custody of Jedidiah to OJS. The Court of Appeals correctly determined that the separate juvenile court did not exceed its authority in entering such an order while an appeal from the adjudication was pending.

## CONCLUSION

For the reasons set forth herein, we affirm the decision of the Court of Appeals.

AFFIRMED.