In re Interest of Angeleah M. and Ava M.,
children under 18 years of age.
State of Nebraska, appellee, v.
D'Angelo E., appellant.

___ N.W.2d ___

Filed October 6, 2015.    No. A-15-176.

1. **Judgments: Jurisdiction.** A jurisdictional issue that does not involve a factual dispute presents a question of law.
2. **Juvenile Courts: Appeal and Error.** An appellate court reviews juvenile cases de novo on the record and reaches its conclusions independently of the juvenile court's findings. When the evidence is in conflict, however, an appellate court may give weight to the fact that the lower court observed the witnesses and accepted one version of the facts over the other.
3. **Jurisdiction: Judgments: Appeal and Error.** If a lower court does not have subject matter jurisdiction and, therefore, has no power to entertain the proceedings or decide a question, an appellate court lacks jurisdiction to review or evaluate an evidentiary determination for an act outside the jurisdiction of the court whose judgment or order is appealed.
4. ____: ____: ____. Although an extrajurisdictional act of a lower court cannot vest the appellate court with jurisdiction to review or evaluate an evidentiary determination involved in such act, an appellate court has jurisdiction and, moreover, the duty to determine whether the lower court had the power to enter the judgment or final order sought to be reviewed.
5. **Juvenile Courts: Jurisdiction: Appeal and Error.** Once an appeal has been perfected to an appellate court, the trial court is divested of its jurisdiction to hear a case involving the same matter between the same parties. However, there is statutory authority allowing the juvenile court to retain or continue jurisdiction while appeals are pending.
6. **Juvenile Courts: Jurisdiction: Parental Rights.** Neb. Rev. Stat. § 43-295 (Reissue 2008) generally provides a juvenile court with

- 325 -

Decisions of the Nebraska Court of Appeals
23 Nebraska Appellate Reports
IN RE INTEREST OF ANGELEAH M. & AVA M.
Cite as 23 Neb. App. 324

continuing jurisdiction over a juvenile and empowers the court to order a change in the custody or care of any such juvenile if at any time it is made to appear to the court that it would be for the best interests of the juvenile to make such change.

7. **Juvenile Courts: Jurisdiction: Appeal and Error.** Although a juvenile court retains jurisdiction over a juvenile while an appeal is pending, such continuing jurisdiction is not without limits; orders regarding the juvenile pending the resolution of an appeal should be made on a temporary basis.

8. **Juvenile Courts: Jurisdiction: Visitation.** Neb. Rev. Stat. § 43-295 (Reissue 2008) provides for the court's continuing jurisdiction over the custody or care of that child, which includes visitation.

9. **Juvenile Courts: Final Orders: Parental Rights.** An order in a juvenile special proceeding is final and appealable if it affects a parent's substantial right to raise his or her child.

10. **Child Custody: Visitation: Final Orders: Appeal and Error.** Orders which temporarily suspend a parent's custody and visitation rights do not affect a substantial right and are therefore not appealable.

Appeal from the Separate Juvenile Court of Lancaster County: Roger J. Heideman, Judge. Appeal dismissed.

Matt Catlett, of Law Office of Matt Catlett, for appellant.

Joe Kelly, Lancaster County Attorney, and Shellie D. Sabata for appellee.

Moore, Chief Judge, and Pirtle and Bishop, Judges.

Bishop, Judge.

D'Angelo E. appeals from the decision of the separate juvenile court of Lancaster County temporarily suspending his visitation with his daughters, Angeleah M. and Ava M. D'Angelo argues that the juvenile court did not have jurisdiction to enter an order suspending his visitation when there was an appeal pending. He also argues that there was no evidence that suspension of visitation was in the children's best interests. We find that the juvenile court had continuing jurisdiction to temporarily suspend D'Angelo's visitation while an appeal was pending. However, we also find that the temporary

order was not a final, appealable order, and we therefore dismiss this appeal for lack of jurisdiction.

## BACKGROUND

D'Angelo is the father of Angeleah, born in 2008, and Ava, born in 2009. In November 2013, the girls were adjudicated under Neb. Rev. Stat. § 43-247(3)(a) (Supp. 2013), due to the faults or habits of D'Angelo, and D'Angelo's parental rights to the girls were terminated. D'Angelo appealed the termination of his parental rights. In a memorandum opinion, *In re Interest of Angeleah M. & Ava M.*, No. A-13-1060, 2014 WL 3489846 (Neb. App. July 15, 2014) (selected for posting to court Web site), this court reversed the termination of D'Angelo's parental rights, but affirmed the adjudication; we remanded the matter back to the juvenile court for further proceedings.

In September 2014, the juvenile court issued a disposition order stating that the primary permanency plan was reunification with an alternative plan for adoption. Angeleah and Ava were to remain in the temporary legal custody of the Nebraska Department of Health and Human Services (DHHS) and were to remain in their foster home placement. In addition to ordering D'Angelo to cooperate with therapeutic visitation, the juvenile court ordered D'Angelo to sign releases of information as requested by DHHS, not use or possess drugs or alcohol, cooperate in a parenting assessment and cooperate with a pretreatment assessment, cooperate with random drug and alcohol testing, cooperate with all service providers, inform DHHS of any change in address or telephone number, and maintain appropriate housing and a legal means of support for himself and his children. D'Angelo appealed the dispositional order. In case No. A-14-860, an unpublished memorandum opinion filed on April 27, 2015, this court affirmed the dispositional order of the juvenile court.

On February 13, 2015, while the dispositional order was on appeal to this court, DHHS filed a motion in the juvenile court to suspend D'Angelo's visitation with Angeleah and Ava. On

- 327 -

DECISIONS OF THE NEBRASKA COURT OF APPEALS
23 NEBRASKA APPELLATE REPORTS
IN RE INTEREST OF ANGELEAH M. & AVA M.
Cite as 23 Neb. App. 324

February 17, the juvenile court entered an order temporarily suspending D'Angelo's visits pending further hearing on the matter. A hearing was held on February 18.

At the hearing on February 18, 2014, various exhibits were received into evidence and testimony was given. Heather Post, the girls' DHHS caseworker, testified regarding DHHS' recommendation that continuing therapeutic visitation was not in the children's best interests. Post testified that she had attempted to contact D'Angelo on numerous occasions, but that he failed to respond.

Post stated that D'Angelo continues to have a relationship with Claire M., the girls' mother, who previously relinquished her parental rights, despite D'Angelo's denying having contact with her. Post testified that the two have had multiple law enforcement contacts together since at least September 2014. Exhibits received into evidence show that in February 2015, D'Angelo was charged with "Domestic Assault, 3rd degree - subsq offense" for an incident occurring in January in which Claire was the victim; in December 2014, police were contacted when Claire and D'Angelo failed to return a vehicle to an automobile dealership after a "'test drive'"; and also in December 2014, police were contacted regarding damage to a hotel room when D'Angelo and Claire got into an argument.

Post testified that there were concerns about what appeared to be ongoing marijuana use by D'Angelo. In Claire's police report regarding the January 2015 domestic assault, she stated that D'Angelo used and sold narcotics. At a February 2015 therapeutic visitation with the girls, their therapist confronted D'Angelo about an odor of marijuana about his person; D'Angelo denied he had been smoking marijuana. Also in February 2015, during a traffic stop of D'Angelo's vehicle, an officer noted an odor of marijuana emanating from the vehicle and a marijuana "'blunt'" was subsequently found in the vehicle; a passenger in the vehicle claimed that the blunt was his.

Post testified that D'Angelo had canceled two of the last three visits. One of those visits, which was to occur on February 12, 2015, was canceled because D'Angelo was in jail; it was Post's understanding that D'Angelo's brother, pretending to be D'Angelo, called to cancel the visit saying he had to work late. Post testified that other than attending therapeutic visitation, D'Angelo had not participated in any ordered services to reunify with his daughters.

Post testified that the girls' therapist had concerns about D'Angelo's continuing to see the girls while he was not engaged in services and that the therapist believed it was necessary for D'Angelo to be involved in services that would enable him to gain placement of the girls in order to continue visits.

D'Angelo challenged Post's testimony through cross-examination, and he argued to the juvenile court that the motion to suspend visitation was punitive. D'Angelo's position was that there was no evidence D'Angelo was in custody and therefore no evidence to indicate he could not have visitation. Further, D'Angelo argued that he had missed only three visits in 5 months and that there was no evidence that the children were actually at risk of harm from having supervised therapeutic visitation 1 hour per week.

At the conclusion of the hearing on February 18, 2015, the juvenile court stated it was ordering the "temporary suspension" of therapeutic visitation, pending the outcome of a parenting assessment and psychological evaluation. And in its order filed on February 19, the juvenile court sustained DHHS' motion and suspended the therapeutic visitation between D'Angelo and the girls "pending further order of the Court." It is from this order that D'Angelo now appeals.

## ASSIGNMENTS OF ERROR

D'Angelo assigns (1) the juvenile court did not have jurisdiction to suspend his visitation and (2) there was no evidence that suspension of visitation was in the children's best interests.

## STANDARD OF REVIEW

[1] A jurisdictional issue that does not involve a factual dispute presents a question of law. *In re Interest of Octavio B. et al.*, 290 Neb. 589, 861 N.W.2d 415 (2015).

[2] An appellate court reviews juvenile cases de novo on the record and reaches its conclusions independently of the juvenile court's findings. *Id*. When the evidence is in conflict, however, an appellate court may give weight to the fact that the lower court observed the witnesses and accepted one version of the facts over the other. *Id*.

## ANALYSIS

D'Angelo argues that the juvenile court did not have jurisdiction to suspend his visitation with the children because at the time that order was made, an appeal of the juvenile court's dispositional order was pending and the order suspending visitation did not pertain to the children's custody or care. The State argues that the juvenile court retained jurisdiction to enter an order suspending visitation during the pendency of an appeal of the initial dispositional order. The State also argues that the order suspending visitation on a temporary basis does not affect a parent's substantial right and is therefore not a final, appealable order.

[3,4] If a lower court does not have subject matter jurisdiction and, therefore, has no power to entertain the proceedings or decide a question, an appellate court lacks jurisdiction to review or evaluate an evidentiary determination for an act outside the jurisdiction of the court whose judgment or order is appealed. *In re Interest of L.D. et al.*, 224 Neb. 249, 398 N.W.2d 91 (1986). However, although an extrajurisdictional act of a lower court cannot vest the appellate court with jurisdiction to review or evaluate an evidentiary determination involved in such act, an appellate court has jurisdiction and, moreover, the duty to determine whether the lower court had the power to enter the judgment or final order sought to be reviewed. *Id*. Accordingly, we must initially determine

- 330 -

Decisions of the Nebraska Court of Appeals
23 Nebraska Appellate Reports
IN RE INTEREST OF ANGELEAH M. & AVA M.
Cite as 23 Neb. App. 324

whether the juvenile court had jurisdiction to enter the order suspending D'Angelo's visitation.

*Did Juvenile Court Have Jurisdiction to Enter Order?*

D'Angelo challenges the juvenile court's jurisdiction to enter an order suspending his visitation with his daughters while D'Angelo's appeal of the dispositional order was pending.

[5,6] Nebraska case law generally holds that once an appeal has been perfected to an appellate court, the trial court is divested of its jurisdiction to hear a case involving the same matter between the same parties. *In re Interest of Tabatha R.*, 255 Neb. 818, 587 N.W.2d 109 (1998). However, there is statutory authority allowing the juvenile court to retain or continue jurisdiction while appeals are pending. Neb. Rev. Stat. § 43-295 (Reissue 2008) provides:

> Except when the juvenile has been legally adopted, the jurisdiction of the court shall continue over any juvenile brought before the court or committed under the Nebraska Juvenile Code and the court shall have power to order a change in the custody or care of any such juvenile if at any time it is made to appear to the court that it would be for the best interests of the juvenile to make such change.

And Neb. Rev. Stat. § 43-2,106 (Reissue 2008) provides that the county court, acting as a juvenile court, shall continue to exercise supervision over the juvenile until a hearing is had in the appellate court and the appellate court enters an order making other disposition. Although this statute does not specifically set forth that same authority for a separate juvenile court, our Supreme Court has addressed that omission. In *In re Interest of Jedidiah P.*, 267 Neb. 258, 263, 673 N.W.2d 553, 557 (2004), the Nebraska Supreme Court found no reason to treat differently a county court sitting as a juvenile court and a separate juvenile court, and held that "a separate juvenile court continues to exercise supervision of

- 331 -

Decisions of the Nebraska Court of Appeals
23 Nebraska Appellate Reports
IN RE INTEREST OF ANGELEAH M. & AVA M.
Cite as 23 Neb. App. 324

the juvenile during an appeal until the appellate court enters an order making other disposition."

[7] Although a juvenile court retains jurisdiction over a juvenile while an appeal is pending, as discussed above, such continuing jurisdiction is not without limits. For example, the continuing jurisdiction of a juvenile court pending an appeal does not include the power to terminate parental rights. See *In re Interest of Joshua M. et al.*, 4 Neb. App. 659, 548 N.W.2d 348 (1996), *reversed in part on other grounds* 251 Neb. 614, 558 N.W.2d 548 (1997). Similarly, pending an appeal from an adjudication, the juvenile court does not have the power to enter a permanent dispositional order; any order regarding the disposition of a juvenile pending the resolution of an appeal of the adjudication can only be made on a temporary basis upon a finding by the court that such disposition would be in the best interests of the juvenile. *In re Interest of Jedidiah P., supra*. As stated by the Nebraska Supreme Court, "The extent of the court's jurisdiction must be determined by the facts of each case." *Id.* at 263, 673 N.W.2d at 557. Accordingly, we must determine whether the juvenile court had continuing jurisdiction to suspend D'Angelo's visitation while appeal of the disposition order was pending.

Section 43-295 generally provides a juvenile court with continuing jurisdiction over a juvenile and empowers the court to "order a change in the custody or care of any such juvenile if at any time it is made to appear to the court that it would be for the best interests of the juvenile to make such change." In *In re Interest of Joshua M. et al.*, 4 Neb. App. at 670, 548 N.W.2d at 356, this court said that "[s]ection 43-295 is a statutory analog to Neb. Rev. Stat. § 42-351 (Reissue 1993), which authorizes a district court, in dissolution proceedings, to exercise jurisdiction regarding minor children 'to provide for such orders regarding custody, *visitation*, or support or other appropriate orders in aid of the appeal process.'" (Emphasis supplied.) See, also, *In re Interest of L.D. et al.*, 224 Neb. 249, 398 N.W.2d 91 (1986); *In re Interest of Juan L.*, 6 Neb. App. 683,

- 332 -

DECISIONS OF THE NEBRASKA COURT OF APPEALS
23 NEBRASKA APPELLATE REPORTS
IN RE INTEREST OF ANGELEAH M. & AVA M.
Cite as 23 Neb. App. 324

577 N.W.2d 324 (1998). We note that Neb. Rev. Stat. § 42-351 (Reissue 2008) has been amended numerous times since 1993, the version of the statute relied on in *In re Interest of Joshua M. et al., supra*. However, the amendments have expanded, not limited, the types of orders over which the lower court retains jurisdiction to enter in aid of the appeal process. Further, at all times, § 42-351 has provided courts with continuing jurisdiction to protect the best interests of children, including the authority to enter orders regarding visitation.

In the area of divorce law, this court has stated that § 42-351(2) allows lower courts to retain jurisdiction to enter visitation orders despite the pendency of an appeal. See *Bayliss v. Bayliss*, 8 Neb. App. 269, 592 N.W.2d 165 (1999) (§ 42-351(2) allows district court to enter support and visitation orders pending appeal, but it does not grant authority to hear and determine anew those very issues then pending on appeal and to enter permanent orders addressing these issues during appeal process); *Eisenmann v. Eisenmann*, 1 Neb. App. 138, 488 N.W.2d 587 (1992) (implicitly stating district court retains jurisdiction for orders regarding custody or visitation notwithstanding fact that support issue was on appeal).

[8] D'Angelo argues that § 43-295 provides for jurisdiction over only "custody or care" of the juvenile and that DHHS' motion did not seek a change in "custody or care"; rather, it sought to suspend visitation. D'Angelo is apparently suggesting that since the word "visitation" is not specifically stated in § 43-295, the juvenile court has no authority to modify a parent's visitation if an appeal is otherwise pending. We are unwilling to construe the statute in a way that would prevent a juvenile court from acting on matters affecting the best interests of children as the statute otherwise permits it to do. Section 43-295 states that a juvenile court has continuing jurisdiction over a juvenile and authorizes the court to "order a change in the custody or care of any such juvenile if at any time it is made to appear to the court that it would be for the best interests of the juvenile to make such change." If a juvenile

- 333 -

Decisions of the Nebraska Court of Appeals
23 Nebraska Appellate Reports
IN RE INTEREST OF ANGELEAH M. & AVA M.
Cite as 23 Neb. App. 324

court is presented evidence "at any time" demonstrating that the best interests of the children may be adversely impacted unless parental visitation is temporarily suspended, § 43-295 provides for the court's continuing jurisdiction over the "custody or care" of that child, which we determine includes visitation. As previously discussed, we have held that § 43-295 is a statutory analog to § 42-351, and § 42-351 allows lower courts to retain jurisdiction to enter visitation orders despite the pendency of an appeal in dissolution proceedings. It follows that § 43-295 also allows lower courts to retain jurisdiction to enter visitation orders despite the pendency of an appeal in juvenile proceedings. Accordingly, the juvenile court in the instant case had continuing jurisdiction to temporarily suspend D'Angelo's visitation while appeal of the disposition order was pending. See, *In re Interest of Jedidiah P.*, 267 Neb. 258, 673 N.W.2d 553 (2004); *Bayliss v. Bayliss, supra*.

*Do We Have Jurisdiction to Review*
*Juvenile Court's Order?*

Having established that the juvenile court had continuing jurisdiction to temporarily suspend D'Angelo's visitation while appeal of the disposition order was pending, we must now determine whether such order of suspension was a final, appealable order.

[9] In a juvenile case, as in any other appeal, before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it. *In re Interest of Octavio B. et al.*, 290 Neb. 589, 861 N.W.2d 415 (2015). For an appellate court to acquire jurisdiction of an appeal, there must be a final order entered by the court from which the appeal is taken. *Id.* Juvenile court proceedings are special proceedings under Neb. Rev. Stat. § 25-1902 (Reissue 2008), and an order in a juvenile special proceeding is final and appealable if it affects a parent's substantial right to raise his or her child. *In re Interest of Octavio B. et al., supra*.

[10] The Nebraska Supreme Court has already held that orders which temporarily suspend a parent's custody and visitation rights do not affect a substantial right and are therefore not appealable. See, *In re Interest of Danaisha W. et al.*, 287 Neb. 27, 840 N.W.2d 533 (2013); *Steven S. v. Mary S.*, 277 Neb. 124, 760 N.W.2d 28 (2009); *In re Interest of Nathaniel P.*, 22 Neb. App. 46, 51, 846 N.W.2d 681, 685 (2014) ("use of the word 'suspend' denotes its temporary nature"). See, also, *In re Interest of Cassandra B. & Moira B.*, 290 Neb. 619, 861 N.W.2d 398 (2015) (when neither language of order nor context in which it was entered denotes temporary interruption of parent's substantial right, order may be final and appealable). In this case, the juvenile court's oral pronouncement on February 18, 2015, and its written order on February 19 temporarily suspended D'Angelo's therapeutic visitation with Angeleah and Ava, pending the outcome of a parenting assessment and psychological evaluation, and was not a final, appealable order. Accordingly, we dismiss this appeal for lack of jurisdiction.

## CONCLUSION

For the reasons stated above, we find that the juvenile court had continuing jurisdiction to temporarily suspend D'Angelo's visitation while appeal of the disposition order was pending. However, the juvenile court's order temporarily suspending D'Angelo's visitation was not a final order affecting a substantial right. Accordingly, we dismiss this appeal for lack of jurisdiction.

Appeal dismissed.