JUDY LYNN BAYLISS, NOW KNOWN AS JUDY LYNN LEWIS, APPELLEE AND CROSS-APPELLANT, V. MARVIN RAY BAYLISS, APPELLANT AND CROSS-APPELLEE.

592 N.W. 2d 165

Filed April 13, 1999.   No. A-97-1269.

Maurice A. Green, of Brooks & Green, P.C., for appellant.

Sally A. Rasmussen, of Mousel, Garner & Rasmussen, for appellee.

MUES, INBODY, and CARLSON, Judges.

MUES, Judge.

## INTRODUCTION

Marvin Ray Bayliss appeals the decision of the district court modifying the dissolution decree dissolving his marriage to Judy Lynn Bayliss, now known as Judy Lynn Lewis, by requiring Lewis to pay child support in the amount of $50 per month retroactive to the month the petition to modify was filed. Finding that the district court was without jurisdiction to enter a modification order virtually indistinguishable from another order in the same case on the same issue then pending on

appeal, we vacate the district court's order and dismiss this case for lack of jurisdiction.

The issue presented is whether a district court retains jurisdiction under Neb. Rev. Stat. § 42-351(2) (Reissue 1998) to hold a hearing on a motion to modify the decree and to enter an order modifying the decree regarding child support obligations while a prior order modifying the decree and relating to those same child support obligations is on appeal to this court. We conclude it does not.

## BACKGROUND

Bayliss and Lewis were married on November 20, 1982. Two children were born during the marriage: Jesse, born February 28, 1986, and Jeanie, born January 23, 1988. The couple divorced on November 17, 1993, and Lewis was granted custody with reasonable rights of visitation to Bayliss. Bayliss was ordered to pay child support of $427 per month and one-half of all unreimbursed medical expenses. Bayliss was to pay alimony of $100 per month for 36 months.

According to a joint stipulation, this decree was modified on January 26, 1994, to, inter alia, grant custody to Bayliss with visitation rights to Lewis. In addition, Bayliss' obligation to pay alimony was extinguished in exchange for offsetting child support obligations from Lewis until November 1996.

On November 14, 1996, Bayliss filed a motion to modify child support, requesting that Lewis be required to pay child support in accordance with the Nebraska Child Support Guidelines and that she be responsible for transportation costs of visitation, one-half of the unreimbursed medical and dental expenses, and one-half of the day-care expenses. Lewis entered a special appearance, alleging that her summons was invalid. The special appearance was overruled, and the matter proceeded to trial on Bayliss' motion to modify. Lewis chose to stand on her special appearance. On January 10, 1997, the court modified the decree and ordered Lewis to pay child support of $50 per month. It also ordered Lewis to be responsible for one-half of the transportation expenses and 38 percent of the day-care and unreimbursed medical expenses. Lewis filed her notice of appeal on January 21, 1997 (initial appeal). In a memoran-

dum opinion filed February 3, 1998, the Court of Appeals, finding that the trial court had entered judgment before Lewis had properly been served with a summons, reversed the trial court's decision and remanded the cause. The Court of Appeals' mandate was issued on March 5, 1998.

On March 31, 1997, while the initial appeal was pending, Bayliss filed another motion to modify child support, requesting that Lewis be required to pay child support in accordance with Nebraska Child Support Guidelines, pay visitation transportation costs, and contribute to day-care expenses and unreimbursed medical expenses. Lewis demurred because, inter alia, the initial appeal was pending. The district court overruled the demurrer, finding that § 42-351 allowed it to retain jurisdiction while an appeal was pending.

After a trial on October 30, 1997, in which both of the parties testified on their own behalf, the court on November 13 ordered Lewis to pay child support in the amount of $50 per month and ordered each party to be responsible for transportation expenses for visitation. The court also made the child support retroactive to March 1, 1997. Bayliss appeals, and Lewis cross-appeals (second appeal).

## ASSIGNMENTS OF ERROR

Bayliss alleges that the trial court erred in setting child support at $50 per month and in finding that Lewis does not owe contributions to visitation transportation costs or unreimbursed medical expenses.

Lewis alleges that the trial court erred in entering a conditional order for retroactive child support.

## STANDARD OF REVIEW

■ An appellate court has the power and duty to determine whether the appellate court has jurisdiction over the matter before it, irrespective of whether the issue is raised by the parties. *In re Interest of Anthony G.*, 6 Neb. App. 812, 578 N.W.2d 71 (1998).

■ Statutory interpretation is a matter of law, in connection with which an appellate court has an obligation to reach an independent, correct conclusion irrespective of the determina-

tion made by the courts below. *State v. Burlison*, 255 Neb. 190, 583 N.W.2d 31 (1998).

## DISCUSSION

*Jurisdiction.*

While neither party raises the issue, we must first address the jurisdictional issue presented by this appeal. Specifically, this court must determine whether, in light of the pending initial appeal, the trial court had jurisdiction on October 30, 1997, to hold a hearing on Bayliss' motion to modify and to enter an order again modifying child support on November 13.

■ Generally, once an appeal has been perfected, the trial court has no jurisdiction to determine any issues regarding the subject matter of the litigation. *Kricsfeld v. Kricsfeld, ante* p. 1, 588 N.W.2d 210 (1999). See *McLaughlin v. Hellbusch*, 251 Neb. 389, 557 N.W.2d 657 (1997). The November 13, 1997, order from which both parties now appeal was obviously entered after the initial appeal was perfected and before the Court of Appeals' mandate reversing this modification was issued on March 5, 1998. However, the district court found that it had jurisdiction to enter the second order pursuant to § 42-351. Section 42-351(2) provides:

> When final orders relating to proceedings governed by sections 42-347 to 42-381 are on appeal and such appeal is pending, *the court that issued such orders shall retain jurisdiction to provide for such orders regarding custody, visitation, or support or other appropriate orders in aid of the appeal process.*

(Emphasis supplied.) The district court relied on this statute to overrule Lewis' demurrer and referenced it again in open court at the commencement of the October 30, 1997, hearing on Bayliss' motion to modify: "We have 42-351 . . . that says for the purpose of child custody, child support and those things, the appeal does not affect the court's ability to deal with those areas."

Section 42-351(2) has been held to grant a district court jurisdiction over a motion regarding visitation notwithstanding that the separate issue of child support was on appeal. See *Eisenmann v. Eisenmann*, 1 Neb. App. 138, 488 N.W.2d 587

(1992). Nevertheless, the question of whether § 42-351(2) empowers a district court to modify a decree while a previous order modifying the decree on the same issue is on appeal has never been answered. Regardless, the answer seems apparent that it cannot.

The January 10, 1997, order, which was the subject of the initial appeal, modified the dissolution decree by requiring Lewis to (1) pay child support in the amount of $50 per month, (2) share equally in the visitation transportation costs, (3) pay 38 percent of unreimbursed medical expenses, and (4) pay 38 percent of day-care expenses. Lewis perfected her appeal on January 21. The November 13 order, admittedly decided while the initial appeal was pending, again modified the decree by ordering Lewis to (1) pay $50 per month in child support and (2) share the visitation transportation costs. It did not modify the allocation of unreimbursed medical expenses and day-care expenses.

Section 42-351(2) provides that during the pendency of an appeal, the district court retains jurisdiction to "provide for such orders regarding custody, visitation, or support or other appropriate orders in aid of the appeal process." Section 42-351(2) allows a district court to, inter alia, enter support and visitation orders pending appeal, but it does not grant authority to hear and determine anew the very issues then pending on appeal and to enter permanent orders addressing these issues during the appeal process. We emphasize that the November 13, 1997, order did not provide that it was entered pursuant to § 42-351(2) nor was it limited to child support issues "pending appeal." Rather, it was entered as a result of a hearing expressly held on Bayliss' new motion to modify the decree which he had filed while the initial appeal was pending. The November 13 order modified the divorce decree on issues which were then the subject of an appeal pending in this court.

In construing a statute, an appellate court will, if possible, try to avoid a construction which would lead to absurd, unconscionable, or unjust results. *State v. Alford*, 6 Neb. App. 969, 578 N.W.2d 885 (1998). If § 42-351(2) is construed to allow a district court to do what it did here—enter a permanent order modifying a decree as to the same issues which were then the

subject of a pending appeal—appellate review would be rendered virtually meaningless. As stated in *Phelps v. Phelps*, 239 Neb. 618, 623, 477 N.W.2d 552, 556 (1991), § 42-351(2) "was meant to protect the interests of dependent children." We believe the interests of such children can be adequately protected without the district court's entering permanent orders on issues affecting the children while such issues are then pending before an appellate court. Such duplicity is the evil sought to be controlled by the general rule that jurisdiction is lost when a case on appeal is perfected. While § 43-351(2) is an obvious exception to that general rule, we must avoid a construction which leads to the absurd result of having two permanent orders in effect at the same time, in the same case, on the same issue.

The district court had no jurisdiction to enter its November 13, 1997, order which modified the decree while the initial appeal from the same court's order regarding those same issues was pending. Because the trial court was without jurisdiction to enter the second order, we too are without jurisdiction to hear the instant appeal. See *Stoneman v. United Neb. Bank*, 254 Neb. 477, 577 N.W.2d 271 (1998) (appellate court cannot acquire jurisdiction when court from which appeal was taken lacked jurisdiction).

## CONCLUSION

The district court was without jurisdiction to enter the order presently before this court, because at the time the order was entered, an appeal from an earlier modification order on the same issue was pending in this court. Therefore, we vacate the district court's order, and this appeal is dismissed for lack of jurisdiction.

VACATED AND DISMISSED.