JOLENE M. KOSISKE, APPELLEE, V.
DAVID J. KOSISKE, JR., APPELLANT.

600 N.W. 2d 840

Filed September 28, 1999.    No. A-98-350.

Carl I. Klekers and Charles H. Truelsen for appellant.

Deborah D. Cunningham and John M. Baker for appellee.

HANNON, SIEVERS, and CARLSON, Judges.

CARLSON, Judge.

## INTRODUCTION

David J. Kosiske, Jr. (David), appeals certain portions of a decree of dissolution entered by the district court for Douglas County dissolving his marriage to Jolene M. Kosiske. For the reasons set forth below, we affirm in part, and in part reverse and remand with directions.

## BACKGROUND

Jolene and David were married on January 24, 1981, and had two children during their marriage: David III, born May 11, 1983, and Cameron, born August 5, 1990. Jolene filed a petition to dissolve the parties' marriage on November 8, 1995, and David filed a cross-petition on April 23, 1996. In their respective petitions, both parties sought custody of their children.

Along with Jolene's petition for dissolution, she filed a motion for temporary child support, child care, alimony, and attorney fees and costs. The record shows that a hearing was held in November 1995 and that the trial court directed that an order be

submitted setting temporary child support at $363 per month and temporary alimony at $400 per month. Subsequently, the trial court held another hearing on May 14, 1996, and the trial court realized that no temporary order for child support and alimony had been signed or entered. Apparently, the parties attempted to reconcile from November 1995 until March 1996. In an order dated June 7, 1996, the district court awarded Jolene the temporary custody of both children and ordered David to pay temporary child support of $363 per month and temporary alimony in the amount of $400 per month beginning July 1, 1996.

On June 28, 1996, David filed a motion to modify the temporary child support and alimony ordered by the district court on June 7. In his motion, David alleged that a substantial change of circumstances had occurred. Specifically, David alleged that David III was now living with him and that David had lost his job. David alleged that he and Jolene were currently unemployed and that Jolene was receiving unemployment and food stamps in the amount of $844 per month, while he was earning approximately $700 per month from odd jobs.

A trial docket included in the record shows that a hearing was held on July 2, 1996, in chambers off the record. In an order dated July 15, 1996, the district court stated that "evidence was heard with regard to amending the temporary order previously entered herein." In the order, the district court granted the parties split custody of the children, giving Jolene custody of Cameron and David custody of David III. The district court implicitly denied David's request for decreased temporary child support and alimony, stating, "IT IS FURTHER ORDERED, that in all other respects, the Temporary Order previously entered herein, should remain in full force and [e]ffect."

In an application filed July 14, 1997, Jolene requested that David be held in willful contempt for his failure to abide by the district court's June 7, 1996, order. Jolene alleged that David had failed to make any child support or alimony payments since the June 7 order.

The matter came on for trial on February 18, 1998, on Jolene's petition for dissolution, David's cross-petition for dissolution, and Jolene's application to hold David in contempt. For a reason not apparent on this record, although all previous

hearings were heard by one Douglas County district court judge, the February 18 hearing was heard by another Douglas County district court judge.

At trial, Jolene testified that both of the children were currently residing with her. At trial, Jolene testified that she is currently employed with the county with a net monthly income of approximately $700 and that David's net monthly income is approximately $1,267. Jolene requested that she be awarded custody of both children and that the district court award her $200 per month in alimony for 3 years.

Jolene testified that David failed to pay any child support or alimony pursuant to the district court's June 7, 1996, order. Jolene testified that she lost her home as a result and had to live with her grandfather for a period of time. Jolene also testified that although David was responsible for paying Cameron's tuition, he had failed to make those payments. Jolene testified that she attempted to speak with David about the past-due child support and alimony payments on several occasions and that David did not give her a reason for his nonpayment. Jolene testified that she had calculated the amount of temporary child support and alimony David owed her since June 1996 and that David owes her $19,334.

David testified that he did not pay Jolene child support or alimony pursuant to the district court's June 7, 1996, order because after entry of that order, he lost his job and one of the parties' sons, David III, came to live with him.

David testified that at the time Jolene filed her petition for dissolution, Jolene was employed at the Douglas County Correctional Center, with a net monthly income of $681. David testified that at that time, he was working two jobs, earning a net monthly income of $1,216. The record shows that the district court used these figures to award Jolene temporary child support and alimony.

David testified that he filed a petition on June 28, 1996, to modify the temporary child support and alimony ordered by the district court on June 7. David testified that as of June 28, he and Jolene had both lost their jobs. David testified that at that time, his earnings were reduced to $700 per month from odd jobs,

while Jolene was receiving unemployment and food stamps in the amount of $844 per month.

At the end of trial, the district court found David in contempt for failing to pay Jolene temporary child support and alimony. The district court sentenced David to jail for 90 days beginning March 1, 1998, unless David deposited $2,500 with the clerk of the district court by March 1. The district court also ordered David to enter into an automatic income withholding agreement with his employer to pay off the temporary child support and alimony that David owes.

In the decree of dissolution filed March 16, 1998, the district court dissolved the parties' marriage. Although the decree contains several provisions, we discuss only those provisions relevant to this appeal. In the decree, the district court awarded Jolene custody of the two children and ordered David to pay $435 per month in child support beginning March 1, 1998. The district court ordered David to pay Jolene alimony in the amount of $200 per month for 36 months beginning on the same date. Additionally, the district court held that David was in arrears in child support and alimony in the amount of $19,335 and ordered David to pay Jolene the sum of $250 per month until the entire amount was paid. Additionally, the district court reiterated its oral pronouncement, finding David in "willful and contemptuous contempt of court" for being in arrears. The relevant provision of the decree provides:

> The Court further finds that the Respondent [David] shall deposit the sum of $2,500 into the Clerk of the District Court by March 1, 1998, or if said money is not deposited with the Clerk of the District Court on March 1, 1998, that said Respondent shall be incarcerated in the Douglas County Correctional Center for a period of Ninety (90) days. Said Respondent [David] shall turn himself in to the Douglas County Correctional Facility at 8:00 a.m. on March 1, 1998 unless he has purged himself of the contempt of court by depositing the required $2,500 with said court.

David appeals.

## ASSIGNMENTS OF ERROR

On appeal, David argues that the district court erred in (1) awarding Jolene alimony in the amount of $200 per month for 36 months in the divorce decree and (2) disregarding the substantial change of circumstances regarding the income of both parties and ordering split custody of the two children in its order filed July 15, 1996, but requiring him to continue paying child support and spousal support as if both children were in Jolene's care, custody, and control. David also contends that the district court erred in finding him in contempt for failing to pay temporary child support and alimony.

## STANDARD OF REVIEW

In actions for dissolution of marriage, an appellate court reviews the case de novo on the record to determine whether there has been an abuse of discretion by the trial judge. *Kricsfeld v. Kricsfeld*, 8 Neb. App. 1, 588 N.W.2d 210 (1999). The de novo standard of review applies to the trial court's determinations regarding the division of property, alimony, and attorney fees. *Id.*

With respect to questions of law, an appellate court has an obligation to reach a conclusion independent of the determination made by the court below. *Id.*

## ANALYSIS

*Alimony.*

On appeal, David argues that the trial court erred in awarding Jolene alimony in the amount of $200 per month for 36 months and that the trial court did so to punish him. Jolene contends that the trial court did not err in this regard.

The ultimate test for determining correctness in the amount of alimony is reasonableness, and the trial court's determination will normally be affirmed in the absence of an abuse of discretion. *Kricsfeld, supra.*

In reviewing an alimony award, an appellate court does not determine whether it would have awarded the same amount of alimony as did the trial court, but whether the trial court's award is untenable such as to deprive a party of a substantial

right or just result. *Id.* Alimony must be determined by the facts of each case. *Id.*

◼ In dividing property upon a dissolution of marriage and in determining alimony, a court should consider four factors: (1) the circumstances of the parties; (2) the duration of the marriage; (3) the history of contributions to the marriage, including contributions to the care and education of the children and interruption of personal careers or educational opportunities; and (4) the ability of the supported party to engage in gainful employment without interfering with the interests of any minor children in the custody of each party. Neb. Rev. Stat. § 42-365 (Reissue 1998); *Kricsfeld, supra.*

◼ In awarding alimony, a court should consider, in addition to specific statutory criteria, the income and earning capacity of each party as well as the general equities of each situation. § 42-365; *Kricsfeld, supra.*

The record shows that the parties were married for 17 years. At the time of trial, Jolene testified that her monthly earnings are $700, while David's are $1,267. In an exhibit offered at trial, Jolene listed her monthly expenses as $1,440. Although the purpose of alimony is not to equalize the parties' incomes, disparity in income or potential income may *partially* justify an award of alimony. *Kricsfeld, supra.* Even with the parties' disparate incomes, there is no evidence on this record to show that Jolene interrupted her career during the marriage or that she gave up educational opportunities for her family's sake. Given the limited evidence on this record in that regard, we conclude that the district court abused its discretion in awarding Jolene alimony for an additional 36 months at $200 per month.

### Petition to Modify.

David argues that the district court erred in disregarding the substantial change of circumstances regarding the income of both parties, and ordering split custody of the two children in the order dated July 15, 1996, but requiring him to continue paying temporary child support and spousal support as if both children were in Jolene's care, custody, and control.

In the temporary order dated June 7, 1996, the district court awarded Jolene the temporary custody of both children and

ordered David to pay temporary child support of $363 per month and temporary alimony in the amount of $400 per month.

On June 28, 1996, David filed a motion to modify the temporary alimony and child support ordered by the district court on June 7. In the motion, David alleged that a substantial change of circumstances had occurred. Specifically, David alleged that one of the parties' sons was now living with him. David also alleged that he had lost his job and that Jolene was currently unemployed. In the motion, David stated that Jolene was receiving $844 per month through unemployment and food stamps, while his monthly earnings had been reduced to $700.

The record shows that a hearing was held on July 2, 1996. In the order dated July 15, 1996, the district court stated that "evidence was heard with regard to amending the temporary order previously entered herein." In the order, the district court ordered split custody of the children, granting Jolene custody of Cameron and David custody of David III. At the end of the order, the district court implicitly denied David's request to decrease his temporary child support and alimony payments, stating, "IT IS FURTHER ORDERED, that in all other respects, the Temporary Order previously entered herein, should remain in full force and [e]ffect."

■ On appeal, David alleges that the district court erred by denying his petition to modify and in failing to reduce his temporary child support and alimony payments based on his reduced income and the split custody arrangement. Initially, we note that although David's temporary child support and alimony obligations were not final and appealable at the time they were entered, they became final upon entry of the decree dissolving the parties' marriage. Therefore, the issue of David's temporary child support and alimony obligations are properly before this court. See, *Aspinwall v. Aspinwall*, 18 Neb. 463, 25 N.W. 623 (1885); *Kricsfeld v. Kricsfeld*, 8 Neb. App. 1, 588 N.W.2d 210 (1999).

The record shows that the district court reviewed the issue of David's temporary child support and alimony obligations on two occasions. First, a hearing was held on David's petition to modify on July 2, 1996. The record shows that this hearing was off the record and that therefore, there is no evidence on this record concerning this first hearing.

Second, it is clear that the district court reviewed David's temporary support obligations again in connection with Jolene's motion to hold David in contempt. At trial on February 18, 1998, Jolene testified that David had failed to pay her any temporary child support and alimony. David testified that he did not pay Jolene any temporary child support or alimony pursuant to the court's June 7, 1996, order because he subsequently lost his job and because the court subsequently granted the parties split custody of their two sons in the order dated July 15, 1996. After hearing the evidence, the district court stated:

> There is an Exhibit showing that both the parties' income was decreased from the time of the original petition. There's also been testimony, evidence that [the first judge] addressed the support issue when he granted split custody. And I wasn't there, and I can only assume and will assume that he had a basis for his decision regarding the continuing support.

The district court noted that David had failed to offer "any valid explanation as to why [he] has not complied with the Court's orders regarding child support and alimony."

In the order, the district court states that "the Respondent [David] is in willful and contemptuous contempt of court for being in arrears in child support in the amount of $19,335." We find the district court's finding erroneous in two respects. First, the $19,335 figure is based on Jolene's testimony at trial in which Jolene testified that David has not paid her any temporary child support or alimony since entry of the court's order in June 1996, and that by her calculations, David owes her $19,334. Therefore, the $19,334 consists of both child support and alimony and is not solely child support. Second, both parties appear to agree that David's temporary child support and alimony obligations began in July 1996. The record shows that in November 1995, the trial court instructed that an order be prepared and submitted setting temporary alimony at $400 and temporary child support at $363. The record does not show which party was required to submit this order, but does show that this order was not submitted, apparently because Jolene and David attempted to reconcile from November 1995 until the spring of 1996.

Therefore, on this record, if, as the district court found, David was obligated to pay Jolene temporary child support of $363 per month and temporary alimony of $400 per month from July 1, 1996, through February 1, 1998, David would owe past-due child support in the amount of $14,497, $763 for 19 months, and not $19,335.

Accordingly, we reverse the district court's finding that David owes back child support and alimony in the amount of $19,335. Additionally, because this failure was the basis for the district court's finding that David is in contempt, we also reverse the portion of the decree finding David in contempt and ordering David to "deposit the sum of $2,500 into the Clerk of the District Court by March 1, 1998, or if said money is not deposited with the Clerk of the District Court on March 1, 1998, that said Respondent shall be incarcerated in the Douglas County Correctional Center for a period of Ninety (90) days."

For the sake of completeness, we note that the district court's order does not state whether or not David's deposit of $2,500 goes toward the back child support and alimony David owes. It appears that the $2,500 may be an additional amount, above and beyond the $19,335 the court ordered David to pay off. Clearly, David must either pay the $2,500 or go to jail. David is unable to avoid paying the $2,500 by complying with the district court's order requiring David to pay Jolene $250 per month until the $19,335 arrearage is paid.

A fine is an appropriate sanction in a civil contempt proceeding so long as the contemnor may avoid the fine by complying with the court's order. *Jessen v. Jessen*, 5 Neb. App. 914, 567 N.W.2d 612 (1997). An unconditional fine is not an appropriate sanction in a civil contempt proceeding because the contemnor is unable to avoid the fine through his or her conduct. *Id.* Clearly, Jolene's action to recover the back child support and alimony from David is a civil contempt proceeding. When a party to an action fails to comply with an order of the court made for the benefit of the opposing party, such act is ordinarily civil contempt, which requires willful disobedience as an essential element. *Klinginsmith v. Wichmann*, 252 Neb. 889, 567 N.W.2d 172 (1997). For this reason, we note that the district

court's requirement that David pay $2,500 was punitive and therefore improper in a civil contempt proceeding.

## CONCLUSION

For the reasons set forth above, we reverse the district court's award of alimony to Jolene, the district court's finding that David owes past-due child support and alimony in the amount of $19,335, and the district court's finding that David is in contempt for failure to pay these amounts. Therefore, we remand this cause to the district court to redetermine David's past-due support obligations in accordance with this opinion and to address the issue of David's contempt accordingly. In all other respects, the decree entered by the district court on March 16, 1998, is affirmed.

AFFIRMED IN PART, AND IN PART REVERSED AND REMANDED WITH DIRECTIONS.