Nebraska Supreme Court Online Library
www.nebraska.gov/courts/epub/
03/01/2016 08:22 AM CST

JUSTIN S. FURSTENFELD, APPELLANT, V.
LISA B. PEPIN, APPELLEE.
___ N.W.2d ___

Filed March 1, 2016.    No. A-14-976.

1. **Judgments: Jurisdiction: Appeal and Error.** A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law, which requires the appellate court to reach a conclusion independent of the lower court's decision.

2. **Modification of Decree: Attorney Fees: Appeal and Error.** In an action for modification of a marital dissolution decree, the award of attorney fees is discretionary with the trial court, is reviewed de novo on the record, and will be affirmed in the absence of an abuse of discretion.

3. **Jurisdiction: Appeal and Error.** Before reaching the legal issues presented for review, it is the duty of an appellate court to settle jurisdictional issues presented by a case.

4. **Courts: Jurisdiction: Appeal and Error.** Once an appeal is perfected to an appellate court, the trial court is divested of jurisdiction to hear a case involving the same matter between the same parties.

5. **Jurisdiction: Appeal and Error.** Generally, once an appeal has been perfected, the trial court no longer has jurisdiction, although the district court retains jurisdiction under Neb. Rev. Stat. § 42-351(2) (Reissue 2008) for certain matters.

6. **Statutes: Words and Phrases.** The word "support" in Neb. Rev. Stat. § 42-351 (Reissue 2008) is not limited to child support and, in fact, applies to spousal support.

7. **Statutes.** Statutory language is to be given its plain and ordinary meaning.

8. **Jurisdiction: Appeal and Error.** Neb. Rev. Stat. § 42-351(2) (Reissue 2008) does not grant authority to hear and determine anew the very issues then pending on appeal and to enter permanent orders addressing these issues during the appeal process.

9. **Jurisdiction: Final Orders: Appeal and Error.** For an appellate court to acquire jurisdiction of an appeal, there must be a final order entered by the court from which the appeal is taken; conversely, an appellate court is without jurisdiction to entertain appeals from non-final orders.

10. **Final Orders: Appeal and Error.** Under Neb. Rev. Stat. § 25-1902 (Reissue 2008), the three types of final orders that an appellate court may review are (1) an order that affects a substantial right and that determines the action and prevents a judgment, (2) an order that affects a substantial right made during a special proceeding, and (3) an order that affects a substantial right made on summary application in an action after a judgment is rendered.

11. **Final Orders: Words and Phrases.** A substantial right under Neb. Rev. Stat. § 25-1902 (Reissue 2008) is an essential legal right.

12. **Final Orders: Appeal and Error.** A substantial right is involved if an order affects the subject matter of the litigation, such as diminishing a claim or defense that was available to an appellant before the order from which an appeal is taken.

13. **Final Orders.** Substantial rights under Neb. Rev. Stat. § 25-1902 (Reissue 2008) include those legal rights that a party is entitled to enforce or defend.

14. **Judgments.** An order on summary application in an action after judgment under Neb. Rev. Stat. § 25-1902 (Reissue 2008) is an order ruling on a postjudgment motion in an action.

15. **Courts: Judgments.** A district court has the inherent power to determine the status of its judgments.

16. ____: ____. The district court may, on motion and satisfactory proof that a judgment has been paid and satisfied in whole or in part by the act of the parties thereto, order it discharged and canceled of record, to the extent of the payment or satisfaction.

Appeal from the District Court for Lancaster County: John A. Colborn, Judge. Affirmed in part, and in part dismissed.

Matt Catlett, of Law Office of Matt Catlett, for appellant.

Terrance A. Poppe and Andrew K. Joyce, of Morrow, Poppe, Watermeier & Lonowski, P.C., L.L.O., for appellee.

Moore, Chief Judge, and Inbody and Bishop, Judges.

Moore, Chief Judge.

## I. INTRODUCTION

Justin S. Furstenfeld appeals from orders entered by the district court for Lancaster County in the course of this modification action. Justin challenges the court's award to Lisa B. Pepin of $5,000 in temporary attorney fees. Furstenfeld also challenges the court's order acknowledging that Pepin had made payments to him under a contempt purge plan, discharging her from the contempt judgment, and awarding her $120 in attorney fees in connection with that order. Because the order awarding temporary attorney fees is not a final, appealable order, we dismiss the appeal as it relates to that order. We affirm the order discharging Pepin from the contempt judgment and awarding Pepin fees in connection with obtaining this order.

## II. BACKGROUND

### 1. Decree of Dissolution

The parties were initially divorced in December 2010, and an amended decree was entered in January 2011. See *Furstenfeld v. Pepin*, 23 Neb. App. 155, 869 N.W.2d 353 (2015). The initial decree approved the parties' property settlement agreement, custody agreement, and support agreement, while the amended decree corrected errors in certain provisions. See *id.*

### 2. Complaints to Modify and Appeal in Case No. A-14-814

On August 30, 2011, Pepin filed an amended complaint to modify the parties' dissolution decree, seeking to modify Furstenfeld's parenting time and child support obligation. On September 18, Furstenfeld filed an answer and counterclaim, seeking custody of the parties' minor child. On December 2, he filed a voluntary dismissal of his counterclaim. We note that resolution of Pepin's modification action was delayed for some time because she experienced difficulty in obtaining Furstenfeld's medical records and she had to obtain a

court order requiring him to provide certain medical records. Furstenfeld filed an appeal from the order, which appeal was dismissed by the Nebraska Supreme Court because the appeal was not from a final, appealable order. See *Furstenfeld v. Pepin*, 287 Neb. 12, 840 N.W.2d 862 (2013).

On June 18, 2012, Pepin filed a motion seeking to enforce a settlement agreement reached by the parties in May after prolonged negotiations, which Furstenfeld subsequently refused to sign.

On June 10, 2014, while resolution of Pepin's motion to enforce the settlement agreement was pending, Furstenfeld filed a motion seeking leave to file an amended or supplemental answer to Pepin's operative complaint for modification. The record on appeal does not contain a ruling by the district court on Justin's motion, but the parties both assert in their briefs that the court denied his request. On July 7, he filed his own complaint to modify the decree in which he asked for custody and child support.

On July 14, 2014, the district court entered an order finding Pepin in contempt for failing to make the parties' child available for a previously planned trip with Furstenfeld, and the court entered a purge order assessing Pepin with travel costs incurred by Furstenfeld and the minor child, as well as attorney fees.

On July 31, 2014, the district court entered an order granting Pepin's motion to enforce the parties' settlement agreement. The court noted that the issues under consideration were parenting time and child support and found that the settlement agreement was valid. On August 29, the court modified the decree to incorporate the terms of the settlement agreement. We note that this modification order does not mention Furstenfeld's July 7 complaint to modify. He appealed from the August 29 order, and in case No. A-14-814, this court affirmed the order of the district court enforcing the parties' settlement agreement. See *Furstenfeld v. Pepin*, 23 Neb. App. 155, 869 N.W.2d 353 (2015).

### 3. Proceedings During Pendency of Appeal
### in Case No. A-14-814

The present appeal involves orders entered by the district court on motions filed by the parties while Furstenfeld's appeal in case No. A-14-814 was pending.

On August 26, 2014, Furstenfeld filed a motion for the appointment of an expert and for production of the child for examination. On September 15, Pepin filed a motion for temporary attorney fees "with respect to [Furstenfeld's] Complaint for Modification of Decree." The district court heard these motions on September 23. The bill of exceptions on appeal does not include a transcription of the hearing, but it does reflect that the court received exhibit 86, an affidavit from Pepin in support of her motion for temporary attorney fees.

On September 29, 2014, the district court ordered the parties to submit to a custody evaluation and ordered Furstenfeld to pay temporary attorney fees to Pepin of $5,000.

On September 30, 2014, Pepin filed a "Motion Regarding Receipts," in which she asked for an order compelling Furstenfeld and his counsel to provide receipts for sums she had paid for travel expenses and attorney fees pursuant to the July 14 purge order. In addition, Pepin asked for the award of a reasonable attorney fee. On October 1, Furstenfeld filed a motion asking the district court to clarify and reconsider its September 29 order.

On October 14, 2014, the district court entered an order ruling on Furstenfeld's motion to clarify and reconsider and Pepin's motion for receipts. The court clarified its September 29 order with regard to the performance of the custody evaluation and a requirement that the minor child be made available for examination. The court denied his request to reconsider the award of temporary attorney fees, finding it had authority to award temporary attorney fees in a complaint to modify custody proceeding. With regard to Pepin's motion regarding receipts, the court noted that she had made payments

in accordance with the court's July 14 purge order but that Furstenfeld's attorney refused to provide her with receipts for her payments, arguing that he and his client have a "First Amendment Right not to be compelled to sign a receipt." The court found that the July 14 judgment had been fully paid and satisfied. The court ordered the July 14 judgment for travel expenses and attorney fees discharged and canceled of record. The court awarded Pepin $120 in attorney fees in connection with her motion for receipts.

Furstenfeld subsequently perfected the present appeal from the district court's orders of September 29 and October 14, 2014.

### III. ASSIGNMENTS OF ERROR

Furstenfeld asserts that (1) the district court erred in ordering him to pay Pepin $5,000 in temporary attorney fees, (2) the court had no authority to rule on her motion for receipts, and (3) the court erred in ordering him to pay her $120 in attorney fees in connection with her motion for receipts.

### IV. STANDARD OF REVIEW

[1] A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law, which requires the appellate court to reach a conclusion independent of the lower court's decision. *In re Interest of Jassenia H.*, 291 Neb. 107, 864 N.W.2d 242 (2015).

[2] In an action for modification of a marital dissolution decree, the award of attorney fees is discretionary with the trial court, is reviewed de novo on the record, and will be affirmed in the absence of an abuse of discretion. *Garza v. Garza*, 288 Neb. 213, 846 N.W.2d 626 (2014).

### V. ANALYSIS

#### 1. Jurisdiction

[3] This case presents several jurisdictional issues. Before reaching the legal issues presented for review, it is the duty

of an appellate court to settle jurisdictional issues presented by a case. *Hofferber v. Hastings Utilities*, 282 Neb. 215, 803 N.W.2d 1 (2011). First, we must consider the district court's authority to enter the September 29 and October 14, 2014, orders following Furstenfeld's action in perfecting his appeal in case No. A-14-814. If the court was not divested of jurisdiction by virtue of the appeal in case No. A-14-814, then we must also consider whether the orders he has appealed from in the present case were final, appealable orders.

### (a) Did Appeal in Case No. A-14-814 Divest District Court of Jurisdiction?

[4,5] Once an appeal is perfected to an appellate court, the trial court is divested of jurisdiction to hear a case involving the same matter between the same parties. *In re Interest of Jedidiah P.*, 267 Neb. 258, 673 N.W.2d 553 (2004). Generally, once an appeal has been perfected, the trial court no longer has jurisdiction, although the district court retains jurisdiction under Neb. Rev. Stat. § 42-351(2) (Reissue 2008) for certain matters. See, e.g., *Spady v. Spady*, 284 Neb. 885, 824 N.W.2d 366 (2012).

On appeal, Furstenfeld relies upon § 42-351(2) in support of his argument that the district court retained jurisdiction following the appeal in case No. A-14-814 to enter the orders of September 29 and October 14, 2014. Section 42-351(2) provides:

> When final orders relating to proceedings governed by sections 42-347 to 42-381 are on appeal and such appeal is pending, the court that issued such orders shall retain jurisdiction to provide for such orders regarding support, custody, parenting time, visitation, or other access, orders shown to be necessary to allow the use of property or to prevent the irreparable harm to or loss of property during the pendency of such appeal, or other appropriate orders in aid of the appeal process. Such

orders shall not be construed to prejudice any party on appeal.

[6] In *Spady v. Spady, supra*, the husband appealed from a decree of dissolution. During the pendency of the appeal, the district court entered an order awarding the wife temporary alimony. Thereafter, the wife pursued a contempt action, based in part upon the husband's failure to pay the temporary alimony. The district court found the husband to be in contempt on this basis. On appeal, the husband argued that the district court did not have authority to issue the temporary alimony order and that thus, his failure to pay it could not form the basis for a contempt finding. The Supreme Court rejected this argument and affirmed the finding of contempt for failure to pay the temporary alimony. The court ultimately rejected the husband's argument that alimony was not one of the matters in § 42-351(2) for which the trial court retains jurisdiction during the pendency of an appeal. The court determined that the word "support" in the statute is not limited to child support and, in fact, applies to spousal support.

[7] As recognized by the Supreme Court in *Spady v. Spady, supra*, statutory language is to be given its plain and ordinary meaning. In looking at § 42-351(2), there is no mention of attorney fees as a matter over which the district court retains jurisdiction once an appeal is pending. However, the September 29, 2014, award to Pepin of $5,000 in temporary attorney fees was not entered in connection with the proceeding which was on appeal in case No. A-14-814 (her motion to enforce a settlement agreement). Rather, the September 29 order appealed from in the instant case was entered in a separate proceeding (Furstenfeld's complaint to modify custody). Likewise, the October 14 award to Pepin of $120 in attorney fees was entered in a separate proceeding (her motion for receipts in connection with her payments under the July 14 purge order). The October 14 order also ruled on Furstenfeld's motion to reconsider the September 29 award of attorney

fees in his modification proceeding. Accordingly, the question becomes whether these additional proceedings involve the same matter between the same parties as the appeal in case No. A-14-814.

In *Bayliss v. Bayliss*, 8 Neb. App. 269, 592 N.W.2d 165 (1999), this court considered the question of whether § 42-351(2) (Reissue 1998) allows a court to modify a decree while a previous order modifying the decree on the same issue is on appeal. In that case, the former husband filed a motion to modify child support and also asked that the former wife be responsible for visitation transportation costs as well as half of the unreimbursed medical, dental, and daycare expenses. The district court modified the decree and ordered that the former wife pay child support of $50 per month, be responsible for half of the transportation expenses, and be responsible for 38 percent of daycare and unreimbursed medical expenses. The former wife appealed, and while this initial appeal was pending, the former husband filed another motion to modify child support and requested that the former wife pay visitation transportation costs and contribute to daycare and unreimbursed medical expenses. The district court found that § 42-351 allowed it to retain jurisdiction while the initial appeal was pending and modified the decree, ordering the former wife to pay child support of $50 per month; ordered each party to be responsible for visitation transportation expenses; and made the child support retroactive to the first of the month in which the former husband filed the second motion to modify. This second modification order was entered while the initial appeal was still pending.

[8] The former husband appealed from the second modification order in *Bayliss v. Bayliss, supra*, and on appeal, this court determined that the district court did not have jurisdiction to enter the second modification order which modified the decree on issues that were the subject of the then-pending initial appeal. This court stated that § 42-351(2)

does not grant authority to hear and determine anew the very issues then pending on appeal and to enter permanent orders addressing these issues during the appeal process. *Bayliss v. Bayliss, supra*. Accordingly, we vacated the order and dismissed the appeal for lack of jurisdiction.

The present appeal was filed by Furstenfeld while the appeal in case No. A-14-814 was pending. Certainly, we have the same parties in the present appeal as in case No. A-14-814, but we are not presented with a situation involving two permanent orders in effect at the same time, in the same case, on the same issue. The underlying action in case No. A-14-814 was initiated by Pepin when she filed a complaint to modify the decree, seeking to reduce or suspend Furstenfeld's parenting time and to increase his child support. The parties reached an oral agreement, and the district court sustained Pepin's motion to enforce the agreement. The court ordered that Furstenfeld's child support obligation be increased, awarded Pepin attorney fees, and made certain modifications to the decree (which did not include any modification of custody or parenting time).

In July 2014, Furstenfeld filed his complaint to modify, seeking custody and child support. In September, the district court, upon Pepin's motion, ordered Furstenfeld to pay her temporary attorney fees of $5,000, which order the district court refused to reconsider in its October order. In this appeal, Furstenfeld challenges the district court's authority to award temporary attorney fees in a modification proceeding.

Furstenfeld also challenges in this appeal the portion of the October 2014 order which found that Pepin had fully paid and satisfied the July 2014 contempt order and purge plan, discharged the contempt judgment, and awarded her $120 in attorney fees incurred in connection with obtaining the order. Specifically, he challenges the district court's authority to rule on her motion for receipts and to award attorney fees in that proceeding.

Neither the September 2014 nor the October 2014 order appealed from, when compared with the orders appealed from in case No. A-14-814, presents us with a situation of having two permanent orders in effect at the same time, in the same case, on the same issue. We conclude that the appeal in case No. A-14-814 did not divest the district court of jurisdiction to rule on Pepin's motion for temporary attorney fees in Furstenfeld's modification action, his motion to reconsider the award of temporary attorney fees, or her motion for receipts in connection with the prior contempt proceeding. However, we must still consider whether the orders appealed from were final, appealable orders.

### (b) Were Orders Appealed From
### Final, Appealable Orders?

[9-13] For an appellate court to acquire jurisdiction of an appeal, there must be a final order entered by the court from which the appeal is taken; conversely, an appellate court is without jurisdiction to entertain appeals from nonfinal orders. *Kelliher v. Soundy*, 288 Neb. 898, 852 N.W.2d 718 (2014). Under Neb. Rev. Stat. § 25-1902 (Reissue 2008), the three types of final orders that an appellate court may review are (1) an order that affects a substantial right and that determines the action and prevents a judgment, (2) an order that affects a substantial right made during a special proceeding, and (3) an order that affects a substantial right made on summary application in an action after a judgment is rendered. *In re Estate of Gsantner*, 288 Neb. 222, 846 N.W.2d 646 (2014). A substantial right under § 25-1902 is an essential legal right. *In re Estate of Gsantner, supra*. A substantial right is involved if an order affects the subject matter of the litigation, such as diminishing a claim or defense that was available to an appellant before the order from which an appeal is taken. *Id.* Substantial rights under § 25-1902 include those legal rights that a party is entitled to enforce or defend. *In re Estate of Gsantner, supra*.

### (i) Award of Temporary
### Attorney Fees

Furstenfeld argues that the September 29, 2014, order requiring him to pay Pepin $5,000 in temporary attorney fees and the portion of the court's October 14 order denying his motion to reconsider the award of temporary attorney fees were final, appealable orders because they deprived him of a substantial property right, i.e., $5,000, thus affecting a substantial right of his under § 25-1902.

It is clear that temporary orders of alimony and child support are not appealable until the appeal from the final order in the case. See, e.g., *Jessen v. Jessen*, 259 Neb. 644, 611 N.W.2d 834 (2000) (challenge to award of temporary alimony pending appeal is to be brought at same time as appeal of decree of dissolution); *Kosiske v. Kosiske*, 8 Neb. App. 694, 600 N.W.2d 840 (1999) (temporary child support and alimony obligations are not final and appealable at time entered, but become final upon entry of decree dissolving parties' marriage); *Kricsfeld v. Kricsfeld*, 8 Neb. App. 1, 588 N.W.2d 210 (1999) (addressing adequacy of temporary alimony order at time of appeal from decree of dissolution). We have not found a case explicitly holding that temporary attorney fees are not appealable, but an award of temporary attorney fees was discussed in the course of an appeal from the final decree in *Olson v. Olson*, 13 Neb. App. 365, 693 N.W.2d 572 (2005), implying that the award was not appealable at the time it was entered.

We conclude that an award of temporary attorney fees is not an appealable order, but, rather, it may be addressed in any appeal from the final order in the modification proceeding. Because the award of $5,000 in temporary attorney fees was not a final, appealable order, we are without jurisdiction to address Furstenfeld's assignments of error in connection with the award of temporary attorney fees.

### (ii) Order Ruling on
### Motion for Receipts

[14] In its October 14, 2014, order, the district court also ruled on Pepin's motion for receipts and awarded her $120 in attorney fees in connection with that motion. With respect to the portion of the court's October 14 order requiring Furstenfeld to pay Pepin's attorney fees of $120, he argues that the order appears to be one made upon a summary application in an action after judgment, the "judgment" being the order filed by the court on July 14, holding her in contempt and requiring her to take certain action in order to purge herself of contempt, and the "summary application" being her motion requiring him to execute receipts. An order on "'summary application in an action after judgment'" under § 25-1902 is an order ruling on a postjudgment motion in an action. *Heathman v. Kenney*, 263 Neb. 966, 968, 644 N.W.2d 558, 561 (2002).

We agree with Furstenfeld and conclude that Pepin's motion for receipts was a summary application in an action after judgment under § 25-1902(3) and was therefore a final, appealable order. Accordingly, we have jurisdiction of the portion of his appeal challenging the award of $120 in attorney fees.

### 2. Award of $120 in Attorney Fees

Furstenfeld asserts that the district court had no authority to rule on Pepin's motion for receipts and that it erred in ordering him to pay her $120 in attorney fees in connection with her motion for receipts.

[15,16] Neb. Rev. Stat. § 25-2210 (Reissue 2008) provides in part that "[w]henever any judgment is paid and discharged, the clerk shall enter such fact upon the judgment record in a column provided for that purpose." A district court has the inherent power to determine the status of its judgments. *Jensen v. Jensen*, 275 Neb. 921, 750 N.W.2d 335 (2008). The district court may, on motion and satisfactory proof that a judgment has been paid and satisfied in whole or in part by the act of

the parties thereto, order it discharged and canceled of record, to the extent of the payment or satisfaction. *Id.*

Although framed in terms of a request for receipts acknowledging her payment of the sums ordered under the July 2014 purge order, Pepin was essentially asking the court to determine the status of that judgment and find that her obligation under the purge order had been fulfilled. This is what the court did in its October order. The court found the evidence proved that the judgments for travel expenses and attorney fees ordered in the July order had been fully paid and satisfied and ordered the judgment for those expenses and fees discharged and canceled of record. The court had authority to do so and did not err in this regard.

Further, we find no abuse of discretion in the award of $120 in attorney fees incurred by Pepin in obtaining the order discharging the contempt judgments against her in light of Furstenfeld's refusal to acknowledge receipt of the payments.

## VI. CONCLUSION

Because the order awarding temporary attorney fees is not a final, appealable order, we dismiss the appeal as it relates to that order. We affirm the order discharging Pepin from the contempt judgment and awarding her fees in connection with obtaining this order.

Affirmed in part, and in part dismissed.