Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
05/27/2016 09:05 AM CDT

Michael P. Burns, appellee, v.
Kerry E. Burns, appellant.
___ N.W.2d ___

Filed May 27, 2016.    No. S-14-789.

1. **Judgments: Jurisdiction.** A jurisdictional question that does not involve
   a factual dispute presents a question of law.
2. **Judgments: Appeal and Error.** On a question of law, an appellate court
   is obligated to reach a conclusion independent of the determination
   reached by the court below.
3. **Modification of Decree: Child Custody: Service of Process.** A modi-
   fication proceeding relating to child custody shall be commenced by fil-
   ing a complaint to modify, and summons shall be served upon the other
   party by personal service or in the manner provided in Neb. Rev. Stat.
   § 25-517.02 (Reissue 2008).
4. **Jurisdiction: Service of Process: Parties.** For purposes of personal
   jurisdiction, the voluntary appearance of the party is equivalent to serv-
   ice of process.
5. **Jurisdiction: Service of Process: Waiver.** Participation in the proceed-
   ings on any issue other than the defenses of lack of jurisdiction over the
   person, insufficiency of process, or insufficiency of service of process,
   waives all such issues except as to the objection that the party is not
   amenable to process issued by a court of this state.
6. **Service of Process: Waiver.** A general appearance waives any defects
   in the process or notice, the steps preliminary to its issuance, or in the
   service or return thereof.
7. **Actions: Judicial Notice.** A court may judicially notice adjudicative
   facts, which are not subject to reasonable dispute, at any stage of the
   proceeding.
8. **Actions: Judicial Notice: Appeal and Error.** In interwoven and inter-
   dependent cases, an appellate court can examine its own records and
   take judicial notice of the proceedings and judgment in a former action
   involving one of the parties.

9. **Actions: Judicial Notice: Records: Appeal and Error.** An appellate court can take judicial notice of a document, including briefs filed in an appeal, in a separate but related action concerning the same subject matter in the same court.

10. **Jurisdiction: Pleadings: Parties.** A party will be deemed to have appeared generally if, by motion or other form of application to the court, he or she seeks to bring its powers into action on any matter other than the question of jurisdiction over that party.

11. **Courts: Appeal and Error.** Upon reversing a decision of the Nebraska Court of Appeals, the Nebraska Supreme Court may consider, as it deems appropriate, some or all of the assignments of error the Court of Appeals did not reach.

12. **Jurisdiction: Appeal and Error.** Generally, once an appeal has been perfected, the trial court no longer has jurisdiction.

13. **Jurisdiction: Minors.** A trial court retains jurisdiction under Neb. Rev. Stat. § 42-351(2) (Reissue 2008) for certain matters.

14. **Jurisdiction: Minors: Appeal and Error.** Neb. Rev. Stat. § 42-351(2) (Reissue 2008) does not grant a trial court authority to hear and determine anew the very issues then pending on appeal and to enter permanent orders addressing these issues during the appeal process.

15. **Minors: Intent.** Neb. Rev. Stat. § 42-351(2) (Reissue 2008) was meant to protect the interests of dependent children.

Petition for further review from the Court of Appeals, Irwin, Inbody, and Riedmann, Judges, on appeal thereto from the District Court for Adams County, James E. Doyle IV, Judge. Judgment of Court of Appeals reversed, and cause remanded with direction.

Matt Catlett, of Law Office of Matt Catlett, for appellant.

Robert M. Sullivan, of Sullivan Shoemaker, P.C., L.L.O., for appellee.

Heavican, C.J., Wright, Miller-Lerman, Cassel, Stacy, and Kelch, JJ.

Cassel, J.

## INTRODUCTION

Kerry E. Burns appealed from a final order granting Michael P. Burns' June 2013 application to modify child

custody. The application commenced a second modification proceeding that overlapped one begun by Kerry in 2011. The Nebraska Court of Appeals vacated the custody modification order and remanded the cause for dismissal, premised upon a statutory dismissal by operation of law for failure to complete service of process within 6 months.[1] On further review, we conclude that (1) Kerry waived service of process by making a general appearance in the second proceeding and (2) the district court retained jurisdiction to modify custody while an appeal on other issues was pending. We therefore reverse the decision of the Court of Appeals and remand the cause with direction.

## BACKGROUND

A 2004 decree dissolved the parties' marriage. Among other things, the decree awarded Kerry custody of the parties' three minor children, provided Michael with parenting time, and ordered Michael to pay child support.

This case later became procedurally complicated, in part because a second modification proceeding commenced before an earlier modification proceeding was completed. For purposes of this opinion, we will refer to the proceedings as the "first modification" and the "second modification." The first modification resulted in appeals docketed as cases Nos. A-13-387 and A-13-1053. Proceedings in the second modification led to this appeal. We briefly summarize each modification proceeding. Although we generally indicate when some events occurred, we provide specific dates only for events directly related to our analysis.

### First Modification

In 2011, Kerry filed a complaint for modification requesting an increase in Michael's child support. She amended her complaint to add requests to eliminate a $100 negative deviation

---

[1] See *Burns v. Burns*, 23 Neb. App. 420, 872 N.W.2d 900 (2015).

in Michael's child support, to change the parenting plan, and to obtain reimbursement for some of the children's health care expenses. In a "Counterclaim," Michael sought an order finding Kerry in contempt.

In 2012, the parties apparently entered into a "Memorandum of Understanding" to settle all matters. Under the settlement agreement, Michael's child support increased to $1,650 per month net, based on a gross of $1,750 less the $100 deviation. The agreement stated that it would settle all pending matters and that both parties would file motions to dismiss. However, the settlement agreement was not filed with the court, and neither party moved to dismiss his or her pending proceedings.

In April 2013, Michael filed a motion for an order compelling Kerry to comply with the settlement's terms. Seven days later, the district court determined that the settlement agreement was enforceable and ordered the parties to abide by it. Kerry timely appealed. It was docketed as case No. A-13-387.

Because the April 2013 order did not include child support worksheets, the Court of Appeals remanded the cause to the district court with direction to prepare the applicable worksheets. The remand was ordered on June 5. The mandate was issued on July 15 and was spread on the district court's record on August 8. In October, the district court entered an order, purporting to comply with the remand. The court changed the monthly child support to $1,750 per month, eliminated the $100 deviation, and attached child support worksheets. Kerry appealed, and Michael cross-appealed. This appeal was docketed as case No. A-13-1053.

In March 2015, the Court of Appeals issued a memorandum opinion.[2] It affirmed the April 2013 order incorporating the settlement, but reversed and vacated the portion of the

---

[2] See *Burns v. Burns*, No. A-13-1053, 2015 WL 1084264 (Neb. App. Mar. 10, 2015) (selected for posting to court Web site).

October 2013 order eliminating the $100 deviation. Kerry sought further review, and we denied her petition on June 17, 2015.

## Second Modification

On June 28, 2013, while the first modification was ongoing, Michael filed an "Application to Modify," seeking a change of custody and a corresponding change to child support and parenting time. A summons was issued, but a deputy sheriff was unable to serve Kerry. Michael then filed a motion to appoint a special process server. The special process server later certified that personal service upon Kerry had been "effectuated." But there is no dispute that the special process server did not serve Kerry with a summons.

In September 2013, Kerry filed a "Special Appearance"[3] to object to the district court's jurisdiction over her. She claimed that no summons had been served upon her and that her daughter had received an envelope containing the application to modify. In February 2014, the district court overruled Kerry's special appearance. The court reasoned that Kerry received actual notice of the application and that there was no indication she had been prejudiced by the manner of service. Kerry subsequently filed an answer in which she alleged that the court lacked subject matter jurisdiction.

In August 2014, the district court granted Michael's application to modify. The court awarded Michael custody of the parties' youngest son, modified parenting time, and adjusted the parties' child support obligations. Upon Kerry's subsequent motion to amend the order, the court changed provisions relating to parenting time.

## Appeal of Second Modification

Kerry timely appealed. She assigned that the district court erred in (1) exercising jurisdiction over the second modification

---

[3] See Neb. Rev. Stat. § 25-801.01(2)(c) (Reissue 2008) ("special appearances shall not be used").

proceeding and (2) "permanently modifying child support and visitation, and therefore, inherently, custody, while a prior order pertaining to such issues was pending appeal."

The Court of Appeals affirmed the decision of the district court in a memorandum opinion. Upon Kerry's motion for rehearing, the Court of Appeals sustained the motion in part and withdrew its memorandum opinion.

Thereafter, in a published opinion,[4] the Court of Appeals vacated the district court's judgment and remanded the cause with directions. The court determined that Michael was required to serve summons on Kerry when he filed the application for modification and that failure to serve the summons on her within 6 months deprived the district court of jurisdiction. The Court of Appeals determined that the action stood dismissed as of December 28, 2013, and that any subsequent orders or pleadings were a nullity.

The Court of Appeals overruled Michael's motion for rehearing. Michael then filed a petition for further review, which we granted.

## ASSIGNMENTS OF ERROR

Michael's petition for further review assigns eight errors. We consider only two issues: (1) whether jurisdiction was conferred on the district court such that the Court of Appeals erred in finding the case had been dismissed under Neb. Rev. Stat. § 25-217 (Reissue 2008) at the expiration of 6 months from the filing of Michael's application to modify custody and (2) whether the district court had jurisdiction under Neb. Rev. Stat. § 42-351(2) (Reissue 2008) to enter an order in the second modification proceeding.

## STANDARD OF REVIEW

[1,2] A jurisdictional question that does not involve a factual dispute presents a question of law.[5] On a question of law, an

---

[4] See *Burns v. Burns, supra* note 1.

[5] *Murray v. Stine*, 291 Neb. 125, 864 N.W.2d 386 (2015).

appellate court is obligated to reach a conclusion independent of the determination reached by the court below.[6]

## ANALYSIS

### Personal Jurisdiction

The Court of Appeals determined that the district court lacked personal jurisdiction over Kerry at the time she filed her special appearance. The court observed that Neb. Rev. Stat. §§ 42-352 (Reissue 2008) and 42-364(6) (Cum. Supp. 2014) direct that summons be served upon the other party to the marriage in a modification proceeding and that summons was not served on Kerry. The court further concluded that under § 25-217, the case was dismissed by operation of law on December 28, 2013, and that all subsequent pleadings and orders were a nullity.

[3] The plain language of the statutes supports the Court of Appeals' conclusion that a summons is required to be served on the defendant in a modification proceeding. Section 42-364(6) provides: "Modification proceedings relating to support, custody, parenting time, visitation, other access, or removal of children from the jurisdiction of the court shall be commenced by filing a complaint to modify. . . . Service of process and other procedure shall comply with the requirements for a dissolution action." And a dissolution action requires summons to be served upon the other party by personal service or in the manner provided in Neb. Rev. Stat. § 25-517.02 (Reissue 2008).[7]

[4-6] But for purposes of personal jurisdiction, the voluntary appearance of the party is equivalent to service of process.[8] Participation in the proceedings on any issue other than the defenses of lack of jurisdiction over the person, insufficiency

---

[6] *Friedman v. Friedman*, 290 Neb. 973, 863 N.W.2d 153 (2015).

[7] See § 42-352.

[8] See, Neb. Rev. Stat. § 25-516.01(1) (Reissue 2008); *Hunt v. Trackwell*, 262 Neb. 688, 635 N.W.2d 106 (2001).

of process, or insufficiency of service of process, waives all such issues except as to the objection that the party is not amenable to process issued by a court of this state.[9] Thus, we have said that a general appearance waives any defects in the process or notice, the steps preliminary to its issuance, or in the service or return thereof.[10]

The Court of Appeals' opinion did not address whether Kerry made a general appearance. Admittedly, the transcript on appeal for the second modification proceeding sheds little light on the issue. The district court's October 2013 order references "post-mandate filings by the parties" that "did not respond to the mandate but instead raised matters outside the mandate." But it is impossible to tell from this vague reference whether any such filing by Kerry would constitute a general appearance.

[7-9] Due to the procedural posture of the first and second modification proceedings and their interwoven nature, we take judicial notice of the transcripts in the appeals of the first modification proceeding. In a postargument brief, Kerry urges us not to take judicial notice of the record related to the appeals in the first modification, particularly because there was no indication that the Court of Appeals considered those records. But we are not persuaded that it would be improper for us to do so. A court may judicially notice adjudicative facts, which are not subject to reasonable dispute, at any stage of the proceeding.[11] In interwoven and interdependent cases, we can examine our own records and take judicial notice of the proceedings and judgment in a former action involving one of the parties.[12] We can also take judicial notice of a document, including briefs filed in an appeal, in a separate

---

[9] See, § 25-516.01(2); *Friedman v. Friedman, supra* note 6.

[10] See *Friedman v. Friedman, supra* note 6.

[11] *Bauermeister Deaver Ecol. v. Waste Mgmt. Co.*, 290 Neb. 899, 863 N.W.2d 131 (2015).

[12] *Id.*

but related action concerning the same subject matter in the same court.[13]

We take judicial notice of the fact that Kerry filed two motions between the time she received the application to modify and the time she filed the special appearance. In the first motion, an "Omnibus Motion to Vacate, Modify, and Strike," Kerry requested that the district court vacate certain orders, including its August 12, 2013, order; modify an order to reset a trial date; and strike certain motions. Although the orders and motions referenced in the omnibus motion deal primarily with the first modification, the August 12 order included a provision related to the second modification: it granted Michael's motion to appoint a process server. In the second motion, a "Motion to Disqualify and Sanction Counsel for Plaintiff and to Award Attorney Fees and Expenses," Kerry requested, among other things, an order disqualifying Michael's counsel "from the proceedings in the above-captioned matter." Because both modifications proceeded under the same trial court case number and caption, granting Kerry's request would have resulted in disqualifying Michael's counsel from both modification proceedings.

We also take judicial notice of the bill of exceptions from the hearing on Michael's motion to appoint a special process server—a hearing that occurred after Michael had filed his application to modify and on the same day as the spreading of the Court of Appeals' mandate on remand. During the hearing, Kerry's counsel objected to the motion as follows:

I would object to the motion on the basis that the motion seeks to appoint a process server to serve a Complaint to Modify; that such pleading is inappropriate and should be stricken because the matter is pending before the Court, whatever the remand is; and that the appropriate procedure is a Motion for either Temporary Relief or a Motion for Leave to Amend [Michael's] previously filed

---

[13] *Id.*

answer and counterclaim; and I, also, think that service of a party, when that party is represented is — I mean, it creates its own set of special problems as well.

So I would object to the motion really on the basis that the pleading that is sought to be served by the special process server is inappropriate.

The judicially noticed filings and bill of exceptions show that Kerry made a general appearance. In the case of the hearing, it does not matter that Kerry's counsel made this general appearance before Kerry received a copy of Michael's application to modify.

[10] It does not take much to make a general appearance. A party will be deemed to have appeared generally if, by motion or other form of application to the court, he or she seeks to bring its powers into action on any matter other than the question of jurisdiction over that party.[14] For example, we have held that a motion for a continuance constitutes a general appearance that confers jurisdiction over the moving party.[15]

Kerry's actions through her counsel clearly crossed this threshold. Kerry asked the district court to vacate an order which, among other things, granted Michael's motion to appoint a special process server in the second modification; to disqualify Michael's counsel from participating in the proceedings; and to strike Michael's application to modify. These requests addressed issues other than lack of jurisdiction over her, insufficiency of process, or insufficiency of service of process. By making them, Kerry made a general appearance and waived service of process.

Because Kerry waived service of process, we reverse the decision of the Court of Appeals finding that Michael's application to modify was dismissed by operation of law on December 28, 2013, on the basis that Kerry had not been served with a summons.

---

[14] *Friedman v. Friedman, supra* note 6.

[15] See *Hunt v. Trackwell, supra* note 8.

Continuing Jurisdiction

[11] Upon reversing a decision of the Court of Appeals, we may consider, as we deem appropriate, some or all of the assignments of error the Court of Appeals did not reach.[16] Because of the Court of Appeals' conclusion that all orders after December 28, 2013, were a nullity, it did not consider Kerry's assignment of error that the district court had no authority to permanently modify custody, visitation, or child support due to the pending appeal of another order which included provisions relating to child support and visitation. Moreover, one of Michael's assignments of error in his petition for further review touches on the district court's continuing jurisdiction under § 42-351(2). We will consider whether the district court had jurisdiction to enter the August 2014 order in the second modification proceeding.

[12,13] Generally, once an appeal has been perfected, the trial court no longer has jurisdiction.[17] However, a trial court retains jurisdiction under § 42-351(2) for certain matters. Section 42-351(2) provides:

When final orders relating to proceedings governed by sections 42-347 to 42-381 are on appeal and such appeal is pending, the court that issued such orders shall retain jurisdiction to provide for such orders regarding support, custody, parenting time, visitation, or other access, orders shown to be necessary to allow the use of property or to prevent the irreparable harm to or loss of property during the pendency of such appeal, or other appropriate orders in aid of the appeal process. Such orders shall not be construed to prejudice any party on appeal.

Normally, then, a trial court retains jurisdiction to provide for an order concerning custody even while an appeal of one of its orders is pending.

---

[16] *Wagner v. Wagner*, 275 Neb. 693, 749 N.W.2d 137 (2008).

[17] *Spady v. Spady*, 284 Neb. 885, 824 N.W.2d 366 (2012).

[14] But there is a limit on a trial court's jurisdiction to modify a decree concerning an issue which is pending appeal. Section 42-351(2) does not grant a trial court authority to hear and determine anew the very issues then pending on appeal and to enter permanent orders addressing these issues during the appeal process.[18] For example, in *Bayliss v. Bayliss*,[19] the Court of Appeals determined that the trial court lacked jurisdiction to enter an order of modification concerning child support and visitation transportation expenses when an appeal of an earlier modification order addressing child support and transportation expenses was pending.

The district court was not divested of jurisdiction to enter an order on custody, because the orders on appeal did not address custody. Custody was not a point of contention in the first modification. The orders that were pending on appeal centered on the existence and enforceability of the settlement agreement, which agreement contained provisions addressing child support and parenting time.

[15] On the other hand, custody was the focus of Michael's application to modify. He asked that he be awarded custody of two of the children and that child support and parenting time be modified accordingly. Michael alleged in his application to modify that Kerry was no longer providing shelter or any support for one child and that she failed to ensure adequate parental care for another child. As the district court observed, "Requiring a parent to hold in abeyance activities the parent believes are necessary to preserve the best interests of the minor child while an appeal is pending on other issues would be contrary to the intent behind §[]42-351(2)." Indeed, we have said that § 42-351(2) was meant to protect the interests of dependent children.[20]

---

[18] See, *Furstenfeld v. Pepin*, 23 Neb. App. 673, 875 N.W.2d 468 (2016); *Bayliss v. Bayliss*, 8 Neb. App. 269, 592 N.W.2d 165 (1999).

[19] *Bayliss v. Bayliss, supra* note 18.

[20] See *Phelps v. Phelps*, 239 Neb. 618, 477 N.W.2d 552 (1991).

Because custody was not at issue in the first modification, the district court retained authority to enter an order concerning that issue in the second modification while the appeal in the first modification was pending.

## CONCLUSION

Although a summons was never served on Kerry, we conclude that she waived the defect by making a general appearance. Because the issue of custody was not an issue pending on appeal, the district court retained jurisdiction in the second modification to enter an order which modified custody. We reverse the decision of the Court of Appeals and remand the cause with direction to affirm the final order of the district court.

REVERSED AND REMANDED WITH DIRECTION.

CONNOLLY, J., not participating.