SAVE THE TRAINS ASSOCIATION, APPELLANT, v. CHICAGO AND NORTH WESTERN RAILWAY COMPANY, APPELLEE.

95 N. W. 2d 334

Filed March 13, 1959. No. 34510.

*Viren, Emmert, Hilmes & Gunderson* and *Don S. Bergquist, Jr.,* for appellant.

*Neely & Otis,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

MESSMORE, J.

There is no dispute in the facts relating to this case. They are conclusively set out in our opinion in Chicago & N. W. Ry. Co. v. Save the Trains Assn., 167 Neb. 61, 91 N. W. 2d 312. Briefly stated, the State Railway Commission, hereinafter referred to as the commission, by its order of February 7, 1958, authorized the Chicago and North Western Railway Company, hereinafter referred to as the railway company, to discontinue trains Nos. 13 and 14 which were operated daily between Omaha and Chadron, as of March 15, 1958. The Save The Trains Association, hereinafter called the association, filed a motion for rehearing before the commission. On March 7, 1958, the commission granted the rehearing, and trains Nos. 13 and 14 of the railway company were ordered to be continued in service. Appeal was taken to this court by the railway company. This court rendered judgment that the order of the commission grant-

ing a rehearing was arbitrary and unreasonable, and reversed the order of the commission dated March 7, 1958, granting a rehearing, thereby leaving in effect the order of the commission of February 7, 1958, allowing the railway company to discontinue the operation of trains Nos. 13 and 14.

On July 14, 1958, the association filed a petition in the district court for Douglas County against the railway company. This petition alleged facts upon which the association contended that the railway company should be required to restore the operation of trains Nos. 13 and 14 in compliance with the order of the commission granting a rehearing and ordering trains Nos. 13 and 14 continued in service, and if the railway company refused to do so that it be held in contempt as required by section 75-420, R. R. S. 1943, and assessed a penalty as provided for therein. To this petition the railway company filed a motion to dismiss for reasons which need not be set out. This motion was sustained on July 18, 1958. The association appealed to this court from the order of dismissal of its petition.

As we view the case, the action is one brought in the district court for Douglas County for contempt on the part of the railway company and doubtless based upon the fact that a mandate had not been issued under the direction of this court to the commission.

A mandate is an order issued upon the decision of an appeal or writ of error, directing action to be taken or disposition to be made of a case, by an inferior court. See Egbert v. St. Louis & S. F. R. R. Co., 50 Okl. 623, 151 P. 228.

The issuance of a mandate is a ministerial act only. The railway company had a bona fide judgment rendered by this court. It had a right to rely upon that judgment and act upon it. It is true that during the pendency of, and until the motion for rehearing filed by the association was ruled upon in this case and a mandate issued, the railway company acted at its peril and as-

sumed any risk that might be incurred by an adverse ruling. However, it appears from the records of this court that the motion for rehearing was denied on September 26, 1958, and the mandate was issued out of this court on September 29, 1958.

The railway company was not in contempt of the ruling made by this court nor in contempt with the commission, but rather acted consistently within the confines of the judgment entered by this court.

In the light of the record we conclude that the contentions made by the association in this case are without merit. The judgment of the district court should be, and is hereby, affirmed.

AFFIRMED.