290 So.2d 136 (1974)
Russell C. TIERNEY, Appellant,
v.
Stella D. TIERNEY, Appellee.
No. 73-513.
District Court of Appeal of Florida, Second District.
February 22, 1974.
Rehearing Denied March 13, 1974.
Robert P. Rosin and Daryl J. Brown of Rosin, Abel & Band, Sarasota, for appellant.
Gerald C. Surfus, of Nelson, Stinnett, Surfus, Payne, Hesse & Cyril, Sarasota, for appellee.
BOARDMAN, Judge.
The marriage of some nineteen years of the parties terminated with a final judgment of dissolution in 1973. At the time of the entry of this order the appellant/husband had assets of approximately $100,000, including his half interest in the marital home held by a tenancy of the entireties, and a fixed monthly income, apart from these assets, of $80 a month which he receives from a pension fund. The wife had no assets other than her share in the marital home. The final judgment included awards to the wife of $350 per month periodic alimony until she dies or remarries, $10,000 lump sum alimony, exclusive possession and ownership of the parties' marital home with all furnishings therein, as lump sum alimony, and attorney's fees of $1,100 and costs of the action. The husband is an unemployed, 65-year old, retiree, who suffers from a partial disability. The wife is ten years younger and also unemployed.
*137 Appellant contends that the total award to the wife was so excessive, in view of the ability of the husband to pay, as to reflect flagrant misconception of applicable principles of law. We are constrained to agree.
We are cognizant of the new "no fault divorce" laws of this state and the cases which have followed since its effective date. The statement of the existing law found in Lefler v. Lefler, Fla.App.4th, 1972, 264 So.2d 112, is squarely on point. It was held therein:
... no matter which direction the flow of alimony may take, its basic nature and purpose remains the same as heretofore, i.e., to provide nourishment, sustenance and the necessities of life to a former spouse who has neither the resources nor ability to be self-sustaining. We expressly hold that just as heretofore the wife's entitlement to alimony depended upon a showing of her need and the husband's ability to pay... . (264 So.2d 112, pp. 113-114).
The holding is implicit from the statute itself which provides:
In determining a proper award of alimony, the court may consider any factor necessary to do equity and justice between the parties. (Section 61.08(2), Florida Statutes F.S.A.).
Likewise, the law gives the trial judge broad discretion in determining the amount of alimony and support. Kahn v. Kahn, Fla. 1955, 78 So.2d 367. Applying the law expressed above to the facts of this case we believe that the award was excessive. Prior to this action being filed the husband realized an income of approximately $300 a month from interest on his assets and the $80 pension. The trial judge awarded the wife $10,000 in cash, a home valued at $25,000 and $1,100 in attorney's fees. His interest in the marital home was $12,500. These awards alone reduce the value of his assets to approximately $77,000 and, obviously, his income would be reduced proportionately. In order to comply with the order of periodic alimony the husband would be forced to continue to draw on the principal resulting in a further reduction of his interest income. The record shows that, with the exception of the $80 per month received from the pension fund, his only other source of income to pay the wife is from his stock holdings, which clearly is subject to fluctuation.
The wife is 55 years of age and, according to the record, employable now or after a reasonable period of retraining. The periodic alimony awarded is commensurate with her needs while she is unemployed as reflected in her financial affidavit filed in the trial court, but, in our view, exceeds the husband's ability to pay.
Accordingly, we conclude that the award of $350 per month as periodic alimony is excessive, especially so in the light of the other monetary and property awards. However, in order to insure the development of new employment skills by the wife and to provide her with adequate funds during the retraining period, we do not disturb the $350 per month award, but find that it should be considered as rehabilitative alimony and limited to a period of two years from the date of the issuance of the mandate.
Affirmed in part; reversed and remanded in part.

ON PETITION FOR REHEARING
A "mandate" is the official mode of communicating the judgment of the appellate court to the lower court, directing the action to be taken or the disposition to be made of the cause by the trial court. Dalton v. Johnson, Mo. App., 1960, 341 S.W.2d 596; Egbert v. St. Louis & S.F.R. Co., 50 Okla. 623, 151 P. 228, 230 (1915); Save the Trains Ass'n v. Chicago & N.W. Ry. *138 Co., 168 Neb. 180, 95 N.W.2d 334 (1959). See, also, Rule 2.2(b) (7), F.A.R., 32 F.S.A.
Petition for rehearing denied.
HOBSON, Acting C.J., and MAXWELL, OLIVER C., Associate Judge (Ret.) concur.