Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
03/29/2019 09:06 AM CDT

Sonia Becher, appellant, v.
Mark A. Becher, appellee.
___ N.W.2d ___

Filed March 29, 2019.    No. S-18-608.

1. **Jurisdiction: Appeal and Error.** A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law, which requires the appellate court to reach a conclusion independent of the lower court's decision.
2. \_\_\_\_: \_\_\_\_. Before reaching the legal issues presented for review, an appellate court must determine whether it has jurisdiction.
3. **Courts: Jurisdiction.** While it is not a constitutional prerequisite for jurisdiction, the existence of an actual case or controversy is necessary for the exercise of judicial power.
4. **Actions: Moot Question.** An action becomes moot when the issues initially presented in the proceedings no longer exist or the parties lack a legally cognizable interest in the outcome of the action.
5. **Moot Question: Words and Phrases.** A moot case is one which seeks to determine a question that no longer rests upon existing facts or rights—i.e., a case in which the issues presented are no longer alive.
6. **Moot Question.** Mootness refers to events occurring after the filing of a suit which eradicate the requisite personal interest in the resolution of the dispute that existed at the beginning of the litigation.
7. **Moot Question: Jurisdiction: Appeal and Error.** Although mootness does not prevent appellate jurisdiction, it is a justiciability doctrine that can prevent courts from exercising jurisdiction.
8. **Moot Question.** As a general rule, a moot case is subject to summary dismissal.
9. **Jurisdiction: Appeal and Error.** Generally, once an appeal is perfected, the trial court no longer has jurisdiction until a mandate issues.
10. **Jurisdiction: Child Custody: Visitation: Appeal and Error.** Under Neb. Rev. Stat. § 42-351(2) (Reissue 2016), a trial court may retain

jurisdiction to provide for an order concerning custody and parenting time even while an appeal of one of its orders is pending.

11. **Jurisdiction: Minors: Final Orders: Appeal and Error.** Neb. Rev. Stat. § 42-351(2) (Reissue 2016) does not grant a trial court authority to hear and determine anew the very issues then pending on appeal and to enter permanent orders addressing these issues during the appeal process.

Appeal from the District Court for Lancaster County: Kevin R. McManaman, Judge. Vacated and dismissed.

Sally A. Rasmussen, of Mattson Ricketts Law Firm, for appellant.

David P. Kyker and Bradley A. Sipp for appellee.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Funke, J.

Sonia Becher and Mark A. Becher were divorced by decree in 2015. The parenting plan ordered by the court established a parenting time schedule for only one of the parties' three children. In 2018, while an appeal from the dissolution decree was pending in this court, Mark filed a motion seeking to establish parenting time and telephone communication with one of the other children. The court granted that motion, and Sonia appeals. For the reasons set forth herein, we vacate and dismiss.

## BACKGROUND

Sonia and Mark were married in December 1991 and had three children: Daniel Becher, born in 2000; Cristina Becher, born in 2002; and Susana Becher, born in 2008. Sonia and Mark were divorced in 2015 after an exceptionally contentious dissolution proceeding.

Mark appealed, and Sonia cross-appealed the 2015 dissolution decree. Both parties, in part, assigned the district court

erred in its ordering of the custodial arrangement and the award of parenting time. The court's decree ordered what it described as a "split and joint" custody arrangement. We described the arrangement in *Becher v. Becher* (*Becher I*)[1]:

> The district court found that a split and joint custody arrangement with [a] parenting plan designed to reduce potential conflicts was in the best interests of the children. In its decree, the court ordered that Sonia have permanent legal and physical care, custody, and control of the parties' two daughters, while Mark have permanent legal and physical care, custody, and control of the parties' son with each "subject to the rights of parenting time for the noncustodial parent as set forth in the parenting plan." However, the court-ordered parenting plan provided that the parties would share joint legal custody of all three children, with Mark having primary physical custody of the parties' son, Sonia having primary physical custody of the parties' oldest daughter, and shared joint physical custody of the parties' youngest daughter. . . . [T]he court-ordered parenting plan did not provide a parenting schedule for the two oldest children. It did provide a joint physical custody arrangement for the youngest child with Mark and Sonia having equal parenting time on alternating weeks.

We concluded the district court had not abused its discretion in entering this parenting plan and found the provisions of the decree adequately set forth each party's rights and responsibilities.[2]

Relevant to the issues raised in the present appeal, the parenting plan gave the following rationale for not establishing a parenting time schedule for the two older children, and expressly contemplated future modification to address the issue.

---

[1] *Becher v. Becher*, 299 Neb. 206, 224, 908 N.W.2d 12, 28 (2018).

[2] *Id.*

Regular Monthly Parenting Time with Daniel and Cristina:
Based upon the recommendations of George Williams,
PhD., the Court determines that it is in the best interests
of Daniel and Cristina . . . that no set parenting time
schedule be established at this time. This is because of
the significant conflict that still exists between these chil-
dren and their non-custodial parent. Until such time as
counseling with the family has resolved at least some of
these issues, Dr. Williams believes a required parenting
schedule would be inappropriate and perhaps detrimental.
Both parties have agreed to voluntarily continue counsel-
ing with Dr. Williams and involve the children as may be
necessary in order to reduce family conflict before a set
schedule with respect to these two children is established.
This parenting plan will need to be modified at some point
in the future to include specific parenting time with these
children, on a regular monthly basis, during the summer
and on holidays. Except for summer parenting time, spe-
cific parenting time only involves Susana at this time.

As to communications between the parents and children during
specified summer parenting time, the parenting plan stated:

[D]uring the summer parenting time for each parent the
parent who is not exercising parenting time is to have
no communication of any nature with their children.
They are not to attempt to contact their children in any
fashion during the other parent summer parenting time.
Additionally, the parent not having parenting time is
not to accept or respond to any attempt by any child to
communicate with them. In the event of an emergency
of any nature during the summer parenting time, Mother
and Father may communicate with each other to address
the emergency.

*Becher I* was released March 9, 2018, and the mandate
issued on July 13, 2018.[3]

---

[3] *Becher I,* supra note 1.

After *Becher I* was released but before the mandate was issued, Mark filed a motion in the district court on June 8, 2018, seeking to establish specific parenting time and telephone contact with Cristina. On June 11, Mark amended his motion to add a sentence to the notice of hearing purporting to provide that "[t]he hearing will be by affidavit." Both motions were e-filed with the court and directed to Sonia's attorney by U.S. mail.

Neither motion was styled as a complaint to modify the decree, and it does not appear from the record that either motion was served on Sonia personally, nor was a praecipe for summons ever requested.

On June 14, 2018, a hearing was held on the amended motion. Sonia did not appear personally or through counsel. Mark also did not personally appear but was represented by counsel. Mark's affidavit was received as an exhibit. In it, he averred he had not had meaningful contact with Cristina since the entry of the decree and all telephone contact had to go through Sonia. Mark sought specific parenting time to take Cristina on a summer vacation in June 2018 and asked to purchase a cell phone to communicate directly with Cristina without having to go through Sonia. At the hearing, Mark's counsel indicated that the motion was made pursuant to Neb. Rev. Stat. § 42-351 (Reissue 2016) to enable the court to consider the issue of custody and parenting time before the mandate of the initial appeal issued.

The same day as the hearing, the district court entered an order providing, in full:

> 1. [Mark] may, at his sole expense, provide a cellular telephone for the minor child of the parties, Cristina . . . . While [Sonia] may restrict use of the cellular telephone, [Sonia] may not restrict any contact or communication between [Mark] and Cristina . . . through the use of the cellular phone.
>
> 2. [Mark] may have parenting time with Cristina during the week of June 19, 2018[,] at 9:00 a.m. to June 26,

2018[,] at 9:00 a.m. [Mark] shall be responsible for all transportation necessary to effect parenting time with his daughter during this time.

The order was prepared by Mark's counsel. The order did not construe the motion as a complaint to modify, nor did the order purport to modify the decree or the court-ordered parenting plan. However, neither did the order indicate it was pursuant to § 42-351 nor that it was a temporary order. To the extent the order allowed specific parenting time for Mark, it was limited to 1 week in June 2018. The telephone parenting time authorized by the order contained no temporal limit.

## ASSIGNMENTS OF ERROR

Sonia assigns, restated, that the district court erred in (1) modifying the decree while an appeal of the decree was pending, (2) exercising jurisdiction although Sonia had not been properly served, (3) failing to find Sonia was denied procedural due process, and (4) modifying the parties' parenting time without a showing of a material change in circumstances.

## STANDARD OF REVIEW

[1] A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law, which requires the appellate court to reach a conclusion independent of the lower court's decision.[4]

## ANALYSIS

[2,3] Before reaching the legal issues presented for review, an appellate court must determine whether it has jurisdiction.[5] While it is not a constitutional prerequisite for jurisdiction,

[4] *In re Grand Jury of Douglas Cty., ante* p. 128, 922 N.W.2d 226 (2019); *Jennifer T. v. Lindsay P.*, 298 Neb. 800, 906 N.W.2d 49 (2018).

[5] See, *In re Grand Jury of Douglas Cty., supra* note 4; *Nesbitt v. Frakes*, 300 Neb. 1, 911 N.W.2d 598 (2018).

the existence of an actual case or controversy is necessary for the exercise of judicial power.[6]

[4-8] We first note the time period granted to Mark for the specific summer parenting time with Cristina has passed. An action becomes moot when the issues initially presented in the proceedings no longer exist or the parties lack a legally cognizable interest in the outcome of the action.[7] A moot case is one which seeks to determine a question that no longer rests upon existing facts or rights—i.e., a case in which the issues presented are no longer alive.[8] Mootness refers to events occurring after the filing of a suit which eradicate the requisite personal interest in the resolution of the dispute that existed at the beginning of the litigation.[9] Although mootness does not prevent appellate jurisdiction, it is a justiciability doctrine that can prevent courts from exercising jurisdiction.[10] As a general rule, a moot case is subject to summary dismissal.[11]

On this point, the order stated that Mark "may have parenting time with Cristina during the week of June 19, 2018[,] at 9:00 a.m. to June 26, 2018[,] at 9:00 a.m." Because this period has passed and the order does not provide Mark a continuing summer parenting time schedule, the assigned errors concerning the order's grant of specific summer 2018 parenting time are moot.

Taking this limitation into account, we turn to Sonia's assignment that the district court erred in modifying the decree by allowing Mark to provide Cristina a cell phone and have unrestricted communication while an appeal of the decree was pending. Mark, in turn, argues that the court retained

---

[6] *Nesbitt, supra* note 5.

[7] *Id.*

[8] *Id.*

[9] *Id.*

[10] *Id.*

[11] *Id.*

jurisdiction to issue the order under § 42-351(2) and that such order was implicitly temporary.

[9,10] Generally, once an appeal is perfected, the trial court no longer has jurisdiction until a mandate issues.[12] However, a trial court retains jurisdiction under § 42-351(2) for certain matters. Section 42-351(2) provides:

> When final orders relating to proceedings governed by sections 42-347 to 42-381 are on appeal and such appeal is pending, the court that issued such orders shall retain jurisdiction to provide for such orders regarding support, custody, parenting time, visitation, or other access, orders shown to be necessary to allow the use of property or to prevent the irreparable harm to or loss of property during the pendency of such appeal, or other appropriate orders in aid of the appeal process. Such orders shall not be construed to prejudice any party on appeal.

Thus, a trial court may retain jurisdiction to provide for an order concerning custody and parenting time even while an appeal of one of its orders is pending.

[11] Nevertheless, there is a limit on a trial court's jurisdiction to enter an order concerning an issue which is pending on appeal.[13] Section 42-351(2) does not grant a trial court authority to hear and determine anew the very issues then pending on appeal and to enter permanent orders addressing these issues during the appeal process.[14]

In the instant case, Mark's motion sought to change the decree and court-ordered parenting plan concerning custody and parenting time even though those were issues pending on appeal. In *Becher I*, the appeal of the dissolution decree, Sonia and Mark both assigned errors related to the district court's award of custody and parenting time.[15] During that appeal,

---

[12] *Burns v. Burns*, 293 Neb. 633, 879 N.W.2d 375 (2016).

[13] See *id*.

[14] *Id.*

[15] See *Becher I, supra* note 1.

we considered the validity of the custodial arrangement and award of parenting time, the interpretation of terminology used concerning the custodial arrangement and award of parenting time, and whether the decree was contradicted by the parenting plan. The resolution of these issues on appeal potentially could have had an effect on the summer parenting time explained in the parenting plan which prohibited communication between the parent not exercising the parenting time and the children. Specifically, that section of the plan stated that "the parent who is not exercising parenting time is to have no communication of any nature with their children" and further explained that "the parent not having parenting time is not to accept or respond to any attempt by any child to communicate with them."

The order currently on appeal also addressed parent-child communication. As between Mark and Cristina, the order provided: "[Mark] may, at his sole expense, provide a cellular telephone for . . . Cristina . . . . While [Sonia] may restrict use of the cellular telephone, [Sonia] may not restrict any contact or communication between [Mark] and Cristina . . . through the use of the cellular phone." This order did not limit the contact between Mark and Cristina, including during those times when Sonia would be exercising summer parenting time. Instead, the order stated that Sonia could not act to restrict any communication through the cell phone and permitted Mark to contact Cristina without limitation. Such provision is at odds with the section of the parenting plan governing summer parenting time, the review of which was still pending, that explicitly stated the nonexercising parent is prohibited from attempting communication with the children. As stated above, this provision was included in the parenting plan section governing custody and parenting time and was at issue in the initial appeal. Mark filed his motion for specific parenting time after the release of our opinion in *Becher I*, but before the issuance of the mandate. Thus, at that point, the district court did not have jurisdiction to enter a permanent order affecting parenting time.

Mark argues that the district court retained jurisdiction, because any order entered during the pendency of the initial appeal was implicitly temporary and expired upon the issuing of the mandate. Mark argues that as a temporary order, any change of parenting time scheduling or communication would not affect contradictory provisions of the decree on appeal, because such modification would expire once the original decree was affirmed, and that the original decree's provisions would control.

However, Mark offers no support for such assertion and we find none. The language of § 42-351(2) does not state that any order issued through its operation is temporary. As a result, we cannot say that an order is always temporary even if there is no limiting language when the underlying motion seeks to affect the rights of the parties while an appeal on those rights is pending.

Moreover, while Mark's counsel mentioned the motion was pursuant to § 42-351 during the hearing, Mark's motion and the district court's order failed to indicate that it was a § 42-351(2) motion. The order issued by the court contained no temporal limit, and Mark's motion failed to describe that it sought only a temporary order. As such, the court's order providing Mark the ability to communicate with Cristina without restriction was not implicitly temporary and its issuance conflicted with the decree's provision on parent-child communication.

Because we find that during the pendency of the initial appeal, the district court lacked jurisdiction to enter a permanent order and erred in awarding Mark unrestrained cell phone communication with Cristina, we need not address Sonia's remaining assignments.

## CONCLUSION

We conclude Sonia's assignments concerning the award of specific summer 2018 parenting time between Mark and Cristina are moot, because the period during which the

parenting time was awarded has passed. As such, these assignments are dismissed. Regarding Sonia's assignments concerning the order awarding Mark unrestrained cell phone communication with Cristina, the district court lacked subject matter jurisdiction during the appeal of the dissolution decree. As a result, we vacate the order of the district court on this issue and dismiss this appeal.

Vacated and dismissed.