IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

CROW V. CHELLI

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

BOB L. CROW, APPELLEE,

V.

MARLENE E. CHELLI, APPELLANT.

Filed February 11, 2020.    No. A-19-264.

Appeal from the District Court for Douglas County: MARLON A. POLK, Judge. Affirmed in part, and in part vacated and dismissed.

Marlene E. Chelli, pro se.

Christopher A. Vacanti and William L. Finocchiaro, of Vacanti Shattuck, for appellee.

MOORE, Chief Judge, and ARTERBURN and WELCH, Judges.

MOORE, Chief Judge.

INTRODUCTION

Marlene E. Chelli appeals from the February 12, 2019, order of the district court for Douglas County, which dismissed her complaint to vacate or modify pending appeal as moot and dismissed contempt actions filed by Marlene after finding that Bob L. Crow was not in contempt of court. We affirm the court's decision with respect to the contempt actions; however, the court erred by finding Marlene's complaint to vacate or modify was rendered moot by this court's dismissal of a prior appeal. Further, we find that jurisdiction had not yet returned to the district court at the time it entered its order dismissing Marlene's complaint. Accordingly, we vacate the portion of the February 12 order that found her pleading to be moot and dismiss the appeal with respect to that issue.

- 1 -

*Parties/Paternity Degree.*

Marlene and Bob are the parents of two minor children, born in 2009 and 2010. On July 7, 2015, the district court entered a decree of paternity, awarding the parties joint legal custody of the children and awarding physical custody to Marlene, subject to Bob's parenting time. The court ordered Bob to pay child support of $801 per month for two children and $546 when one minor child remained.

*First Modification/First Appeal.*

On March 30, 2016, Bob filed a complaint for modification, asking the district court to modify legal and physical custody, and parenting time based on the children's best interests and to order child support accordingly.

Following trial, the district court entered an order of modification on August 11, 2016. The court found that there was a material change in circumstances warranting modification of the paternity decree. The court modified legal custody by awarding Bob final decisionmaking authority for matters concerning the children's education. It modified physical custody by awarding joint physical custody with a rotating week-on/week-off parenting time schedule. The court also specified other changes to the decree, including changes in summer parenting time, the division of the children's winter/Christmas break between the parties, and child support.

Marlene appealed from the August 11, 2016, modification order (the first appeal), and this court affirmed in a memorandum opinion filed on October 10, 2017. See *Crow v. Chelli*, No. A-16-869, 2017 WL 4512245 (Neb. App. Oct. 10, 2017) (selected for posting to court website). This court issued its mandate to the district court on November 20, 2017.

*Second Modification/Second Appeal.*

On May 8, 2017, Bob filed a complaint for modification, asking the district court to modify the previous August 11, 2016, modification order by again modifying legal and physical custody and parenting time based on the children's best interests and to enter child support accordingly.

Marlene filed an answer and counterclaim on June 29, 2017, also asking the court to modify the August 11, 2016, order by modifying legal and physical custody.

Following trial, the district court entered a second modification order on May 8, 2018. The court found a material change in circumstances warranting modification of the paternity decree and the prior modification order, and it awarded Bob sole legal and physical custody of the children subject to Marlene's parenting time. The court also found that it was in the children's best interests to change their last names from Chelli to Chelli-Crow, and it terminated Bob's child support obligation as of October 31, 2017. The court found "a downward deviation due to the relative economic circumstances of [Marlene]" and did not order her to pay child support at that time. Finally, the court dismissed orders to show cause that had previously been entered by the court. On May 21, the court entered an order denying certain posttrial motions filed by Marlene.

Marlene appealed from the May 8, 2018, modification order (the second appeal), and this court dismissed the second appeal, in case No. A-18-561, on December 26, 2018, for failure to file briefs. Marlene filed a petition for further review, which was denied by the Nebraska Supreme

Court. This court issued its mandate on March 18, 2019, and on March 27, the district court entered judgment on the mandate.

*Complaint to Vacate or Modify Pending Appeal/Third Appeal.*

On November 2, 2018, while the second appeal was pending before this court, Marlene filed a pleading entitled "COMPLAINT TO VACATE OR TO MODIFY PENDING APPEAL," asking the district court, among other things, to vacate or modify the judgments entered on July 7, 2015 (the decree), August 11, 2016 (first modification order), and May 8, 2018 (second modification order), and to award her custody of the children. In this lengthy pleading, Marlene asserts, in part, that the court's past judgments were obtained through fraud, and she seeks vacation or modification of those judgments under Neb. Rev. Stat. § 25-2001(4) (Reissue 2016). We note that under Neb. Rev. Stat. § 25-2008 (Reissue 2016), she had 2 years after the entry of the judgment to commence proceedings under § 25-2001, so her attempt to vacate or modify was timely at least with respect to the second modification order. Other portions of Marlene's pleading are essentially an attempt to modify the decree and the subsequent modification orders pursuant to Neb. Rev. Stat. § 42-364(6) (Cum. Supp. 2018). She alleged that there had been a material change of circumstances requiring a change of custody, and she sought sole legal and physical custody of the children, child support, and attorney fees. She also asked the court to reinstate the children's last name of Chelli.

On November 14, 2018, Marlene filed a motion for temporary orders and a contempt application and affidavit; on November 26, she filed an additional motion for an order to show cause, seeking to hold Bob in contempt.

Following a hearing with respect to the contempt proceedings initiated by Marlene, the district court entered an order to show cause on December 4, 2018, and on December 6, the court entered an order temporarily reapportioning the holiday parenting time for the children. The court scheduled a further hearing on the contempt proceedings, Marlene's complaint to vacate or to modify pending appeal, and her motion for temporary orders for February 7, 2019.

Marlene appealed from the district court's December 6, 2018, order (the third appeal). On January 23, 2019, this court dismissed the third appeal, in case No. A-18-1190, finding that the December 6, 2018, order scheduling a hearing on Marlene's complaint to vacate or modify was not a final, appealable order and that the portion of the order determining holiday visitation was moot. This court's mandate was entered on February 25, 2019, and on February 27, the district court entered judgment on the mandate.

*Hearing on Complaint to Vacate Pending Appeal/Fourth Appeal.*

On February 7, 2019, a hearing was held before the district court on Marlene's complaint to vacate or to modify pending appeal, her motion for temporary orders, and the pending contempt proceedings. The court heard argument from Bob's attorneys, and from Marlene, who appeared pro se. Bob's attorneys and Marlene outlined the procedural history of the case for the court, and one of Bob's attorneys argued that because the second and third appeals had by then been dismissed by this court, Marlene's complaint to vacate or to modify pending appeal was moot. The court agreed, finding that "[the] Complaint to Vacate or to Modify Pending Appeal" is rendered moot and does not need to be ruled upon by [the district] court." The court then proceeded to hear the pending contempt actions. Marlene was sworn in, and the court asked her certain questions

- 3 -

about November 2018 parenting time and other matters. Although Bob's attorneys and Marlene both showed, or offered to show, the court certain documentation during the contempt portion of the February 7 hearing, no exhibits were actually offered by either party or received into evidence by the court, and Marlene was the only witness who testified.

On February 12, 2019, the district court entered an order, dismissing Marlene's complaint to vacate or to modify pending appeal as moot. The court stated that Marlene's contempt actions were considered in the court's December 6, 2018, temporary order, which reapportioned the children's Christmas/winter break. Based upon "the further evidence and testimony adduced" at the February 7, 2019, hearing, the court declined to find Bob in contempt of court. Accordingly, the court also dismissed the contempt proceedings.

Marlene subsequently perfected the present appeal (the fourth appeal) from the district court's February 12, 2019, order. We note that after she filed the fourth appeal, Marlene filed an additional complaint for modification on July 19.

## ASSIGNMENTS OF ERROR

Marlene's assignments of error and her arguments on appeal in her pro se brief are convoluted and difficult to follow. In general, she challenges (1) the dismissal of her complaint to vacate or to modify pending appeal; (2) the district court's rulings in the May 8, 2018, modification order; (3) the court's conduct of the February 7, 2019, hearing with respect to the contempt proceedings; (4) the court's failure to include various items in the record; (5) the failure of the court to protect the children's best interests; and (6) the court's error in issuing a mandate. To the extent that Marlene was trying to raise other issues in her assigned errors, they are too vaguely expressed to advise this court of the issues submitted for decision, and her arguments do little to clarify or narrow the issues beyond those summarized above. Accordingly, we have only considered the specific issues already identified. A generalized and vague assignment of error that does not advise an appellate court of the issue submitted for decision will not be considered except to the extent that it is narrowed by the specific arguments asserted in the appellant's brief. *Finley-Swanson v. Swanson*, 20 Neb. App. 316, 823 N.W.2d 697 (2012). We also note that Marlene has not challenged the court's finding that Bob was not in contempt of court, and we do not address that issue further. In order to be considered by an appellate court, an alleged error must be both specifically assigned and specifically argued in the brief of the party asserting the error. *U.S. Pipeline v. Northern Natural Gas Co.*, 303 Neb. 444, 930 N.W.2d 460 (2019).

## STANDARD OF REVIEW

Mootness does not prevent appellate jurisdiction. *Weatherly v. Cochran*, 301 Neb. 426, 918 N.W.2d 868 (2018). But, because mootness is a justiciability doctrine that operates to prevent courts from exercising jurisdiction, an appellate court reviews mootness determinations under the same standard of review as other jurisdictional questions. *Id.* A jurisdictional question that does not involve a factual dispute is determined by an appellate court as a matter of law, which requires the appellate court to reach a conclusion independent of the lower court's decision. *Green v. Seiffert*, 304 Neb. 212, 933 N.W.2d 590 (2019).

ANALYSIS

*Dismissal of Complaint to Vacate or to Modify Pending Appeal.*

The district court dismissed Marlene's complaint to vacate or to modify pending appeal as moot, apparently based on this court's dismissal of the second and third appeals by the time of the February 7, 2019 hearing. Mootness refers to events occurring after the filing of a suit which eradicate the requisite personal interest in the dispute's resolution that existed at the beginning of the litigation. *In re Interest of Giavonni P.*, 304 Neb. 580, 935 N.W.2d 631 (2019). Although the caption of Marlene's pleading includes the phrase "pending appeal," a review of the pleading shows that Marlene was asking the court to enter permanent orders affecting custody and related issues. See, *Gerber v. P & L Finance Co.*, 301 Neb. 463, 919 N.W.2d 116 (2018) (when title of filing does not reflect its substance, it is proper for court to treat pleading or motion based on its substance rather than its title); *Lisec v. Lisec*, 24 Neb. App. 572, 894 N.W.2d 350 (2017) (character of pleading is determined by its content, not by its caption). As noted in the background section of this opinion, the substance of Marlene's pleading includes both a request to vacate previous judgments pursuant to § 25-2001 and a complaint to modify under § 42-364. We find that the dismissal of the second appeal did not render the issues raised in Marlene's pleading moot. Accordingly, the district court should have heard the issues raised in Marlene's pleading. However, both at the time of the February 7, 2019, hearing and the February 12 order, the court was without jurisdiction to take action with respect to those issues as this court's mandate in the second appeal had not yet been issued.

Generally, once an appeal is perfected, the trial court no longer has jurisdiction until a mandate issues. *Becher v. Becher*, 302 Neb. 720, 925 N.W.2d 67 (2019). Under Neb. Rev. Stat. § 42-351(2) (Reissue 2016), a trial court may retain jurisdiction to provide for an order concerning custody and parenting time even while an appeal of one of its orders is pending. *Becher v. Becher, supra*. However, § 42-351(2) does not grant a trial court authority to hear and determine anew the very issues then pending on appeal and to enter permanent orders addressing these issues during the appeal process. In her complaint to vacate or to modify pending appeal, Marlene raised the issue of permanent custody of the children, the very issue then pending in the second appeal. Accordingly, the court did not have authority to address those issues until after issuance of this court's mandate in March 2019. Although this court dismissed Marlene's second appeal in December 2018 due to her failure to file briefs, issuance of the mandate was delayed until March 2019 because of Marlene's petition for further review. Jurisdiction did not return to the district court until after the February 7 hearing and after entry of the February 12 order. Accordingly, we vacate the portion of the February 12 order which found Marlene's pleading moot and dismiss the appeal with respect to that issue. See, *Becher v. Becher, supra*; *Bayliss v. Bayliss*, 8 Neb. App. 269, 592 N.W.2d 165 (1999).

*Court's Rulings in May 8, 2018, Modification Order.*

Marlene challenges various aspects of the district court's May 8, 2018, order, but the present appeal is not the place to challenge the correctness of the rulings contained in that order. Marlene previously perfected an appeal from that order, in case No. A-18-561, which was dismissed by this court due to her failure to file briefs. The law-of-the-case doctrine reflects the

principle that an issue that has been litigated and decided in one stage of a case should not be relitigated at a later stage. *Jill B. & Travis B. v. State*, 297 Neb. 57, 899 N.W.2d 241 (2017). And, under the law-of-the-case doctrine, an appellate court's holdings on issues presented to it conclusively settle all matters ruled upon, either expressly or by necessary implication. *deNourie & Yost Homes v. Frost*, 295 Neb. 912, 893 N.W.2d 669 (2017). Under the mandate branch of the law-of-the-case doctrine, a decision made at a previous stage of litigation, which could have been challenged in the ensuing appeal but was not, becomes the law of the case; the parties are deemed to have waived the right to challenge that decision. *Id.* An issue is not considered waived if a party did not have both an opportunity and an incentive to raise it in a previous appeal. *Id.* While Marlene may argue that she did not have the opportunity to raise various issues with respect to the May 8, 2018, modification order due to the dismissal of the second appeal, that appeal was dismissed due to her failure to file briefs. Although Marlene was a pro se litigant then, as she is now, a pro se litigant will receive the same consideration as if he or she had been represented by an attorney, and, concurrently, that litigant is held to the same standards as one who is represented by counsel. *Friedman v. Friedman*, 290 Neb. 973, 863 N.W.2d 153 (2015). While it is too late to directly challenge the court's rulings in the May 8, 2018, modification order, Marlene has raised custody and other related issues in her November 2, 2018, pleading, and as discussed above, we vacate the portion of the February 12 order that found her pleading to be moot and dismiss the appeal with respect to that issue.

Marlene also appears to challenge the district court's jurisdiction to enter the May 8, 2018, modification order while the first appeal was pending. We simply note that the first appeal was no longer pending by the time the court entered the May 2018 modification order.

*Court's Conduct of Contempt Hearing on February 7, 2019.*

Marlene challenges the way the contempt hearing was conducted on February 7, 2019. She argues that the district court limited her ability to present her case in various ways, including her ability to enter evidence and to cross-examine Bob. During the contempt portion of the hearing, Marlene was sworn in as a witness and answered certain questions posed by the court. It is somewhat difficult to tell from the record at what point Marlene's statements shifted during the hearing from "testimony" to argument on her own behalf as a pro se litigant, but at no point did Marlene inform the court that she had further testimony to offer. Nor did she ask to call Bob or any other witness in support of her applications for contempt. As noted above, both parties showed, or offered to show, the court certain documentation during the hearing, but Marlene did not actually offer any exhibits as evidence.

A trial judge has broad discretion over the conduct of a trial, and absent abuse, that discretion should be respected. *Jacobson v. Shresta*, 21 Neb. App. 102, 838 N.W.2d 19 (2013). We find no abuse of discretion here. And, to the extent Marlene had further evidence, which she did not present to the court at the time of the hearing, she has waived any error. Marlene did not object on the record to the manner in which the hearing was conducted, did not inform the court that she had additional testimony not covered by the court's questions, did not offer any exhibits into evidence, and did not ask to present testimony from any other witnesses. Failure to make a timely objection waives the right to assert prejudicial error on appeal. *Ecker v. E & A Consulting*

*Group*, 302 Neb. 578, 924 N.W.2d 671 (2019). Further, one may not waive an error, gamble on a favorable result, and, upon obtaining an unfavorable result, assert the previously waived error. *Id.*

*Failure to Include Various Items in Record.*

Marlene argues that the district court erred by not including certain items in the bill of exceptions. To the extent she is referring to documentation she showed the court during the contempt portion of the February 7, 2019, hearing, those documents were not offered into evidence and they were thus properly excluded from the court's consideration and from the appellate bill of exceptions. An appellate record typically contains the bill of exceptions, used to present factual evidence to an appellate court, and the transcript, used to present pleadings and orders of the case to the appellate court. *In re Estate of Radford*, 297 Neb. 748, 901 N.W.2d 261 (2017). A bill of exceptions is the only vehicle for bringing evidence before an appellate court; evidence which is not made a part of the bill of exceptions may not be considered. *Gomez v. Gomez*, 303 Neb. 539, 930 N.W.2d 515 (2019). At a hearing, testimony must be under oath and documents must be admitted into evidence before being considered by the trial court. *In re Estate of Radford, supra.*

It is incumbent upon the appellant to present a record supporting the errors assigned; absent such a record, an appellate court will affirm the lower court's decision regarding those errors. *Rodriguez v. Surgical Assocs.*, 298 Neb. 573, 905 N.W.2d 247 (2018). Marlene makes additional arguments in support of this assignment of error about the record being incomplete, but it is difficult to discern whether she is referring to the completeness of the bill of exceptions presented for this court's review in her appeal from the February 12, 2019, order of the district court or whether she is referring to the completeness of records she received (or did not receive) at some other point in time. Marlene cites *Centurion Stone of Neb. v. Whelan*, 286 Neb. 150, 835 N.W.2d 62 (2013), a case involving an appeal from a district court acting as an intermediate appellate court where an incomplete record was the fault of the county court. In that case, the Nebraska Supreme Court remanded with directions to the district court to order the county court to file a complete bill of exceptions with the district court or, in the alternative, to hold a new trial. That is not the situation here; Marlene has presented a sufficient record for us to review her appeal from the February 12, 2019 order.

*Failure to Protect Children's Best Interests.*

Marlene argues that the district court failed to protect the best interests of the children "by modifying custody and parent responsibilities without proven evidences [sic] and base[d] on an incomplete record before it." Brief for appellant at 26. However, the court did not make any modifications to custody in the February 12, 2019 order from which Marlene perfected her present appeal. Presumably she is referring to one of the previous modification orders entered by the court (either the first modification order of August 11, 2016, or the second modification order of May 8, 2018), but neither of those orders is presently before this court.

Marlene notes that in the first appeal, this court declined to consider errors assigned in her pro se reply brief. See *Crow v. Chelli*, No. A-16-869, 2017 WL 4512245 at *6 (Neb. App. Oct. 10, 2017) (selected for posting to court website). She argues that that determination "deprived [her] of substantial rights and conclude[d] on [sic] injustice in a child custody matter." Brief for appellant

at 27. Again, pro se litigants are held to the same standards as those who are represented by an attorney. See *Friedman v. Friedman*, 290 Neb. 973, 863 N.W.2d 153 (2015). And, as we noted in the first appeal, errors not assigned in an appellant's initial brief are waived and may not be asserted for the first time in a reply brief. See *U.S. Pipeline v. Northern Natural Gas Co.*, 303 Neb. 444, 930 N.W.2d 460 (2019).

Marlene observes that an appellate court may notice plain error. See *Upper Republican NRD v. Dundy Cty. Bd. of Equal.*, 300 Neb. 256, 912 N.W.2d 796 (2018). Plain error exists where there is an error, plainly evident from the record but not complained of at trial, which prejudicially affects a substantial right of a litigant and is of such a nature that to leave it uncorrected would cause a miscarriage of justice or result in damage to the integrity, reputation, and fairness of the judicial process. *Foundation One Bank v. Svoboda*, 303 Neb. 624, 931 N.W.2d 431 (2019). Marlene does not specify what "plain error" she wants this court to take note of, but presuming she is referring to one or more of the district court's rulings in either the first or the second modification order, the present appeal is not the place to challenge those rulings. Nor is it the place to challenge any of this court's determinations made in the first appeal. Under the law-of-the-case doctrine, those issues have been previously litigated and may not be relitigated here. See, *Jill B. & Travis B. v. State*, 297 Neb. 57, 899 N.W.2d 241 (2017); *deNourie & Yost Homes v. Frost*, 295 Neb. 912, 893 N.W.2d 669 (2017).

*Error of District Court to Issue Mandate.*

While Marlene argues that the district court erred by issuing a mandate, it is not the district court that issues mandates. Black's Law Dictionary defines "mandate" as [a]n order from an appellate court directing a lower court to take a specified action." Black's Law Dictionary 1105 (10th ed. 2014). See, also, *Save The Trains Assn. v. Chicago & N. W. Ry. Co.*, 168 Neb. 180, 95 N.W.2d 334 (1959) (mandate is order issued upon decision of appeal or writ of error, directing action to be taken or disposition to be made of case, by trial court); Neb. Rev. Stat. § 25-1926 (Reissue 2016) (concerning appeal, reversal of judgment, and mandate). Marlene cites Neb. Ct. R. App. P. § 2-114(A)(1) (rev. 2008), which provides that "[u]nless agreed by the parties and ordered by the court, no mandate will issue in any case during the time allowed for the filing of a motion for rehearing or petition for further review, or pending the consideration thereof." This is a rule of appellate procedure and is not relevant to Marlene's appeal from the district court's order of February 12, 2019.

We also note that Marlene cites *State v. Chambers*, 242 Neb. 124, 493 N.W.2d 328 (1992), in which the Nebraska Supreme Court found it did not have jurisdiction to review an opinion of a single judge of this court reversing the suppression order of the district court in a criminal case. The decision in that case has no applicability here as the present appeal does not involve a ruling on a suppression order in a criminal case.

## CONCLUSION

We affirm the district court's decision with respect to the contempt actions. However, while Marlene's complaint to vacate or modify was not rendered moot by this court's dismissal of the second appeal, jurisdiction had not yet returned to the district court at the time it entered its order

dismissing Marlene's complaint. Accordingly, we vacate the portion of the February 12, 2019, order that found her pleading to be moot and dismiss the appeal with respect to that issue.

AFFIRMED IN PART, AND IN PART
VACATED AND DISMISSED.